[No. 6283.]

## THE FIRST NATIONAL BANK OF DENVER ET AL. v. HOTCHKISS, ADMINISTRATOR.

1. **Executors and Administrators — Exhibition of Claims — Action Pending**—The pendency in the district court of an action against a decedent, instituted in his lifetime, does not, unless the personal representative is made party thereto and process sued against him, amount to an exhibition of the claim of the plaintiff in that suit against the estate.—(597)

While the suit does not abate by the death of the defendant, the administrator is not required to take notice of it until made party.—(598)

The creditor, plaintiff in such pending action, who permits the year next after the issuance of letters testamentary or of administration, to elapse without bringing in the personal representative, will, though he afterwards obtain judgment against him in that capacity, share only in the estate not set down in the inventory.—Mills' Stats., secs. 4780, 4787, 4792; Rev. Stats., secs. 7205, 7212.—(598)

The district court awarding judgment against the administrator may specifically direct accordingly.—(599)

That the estate has not been distributed does not affect the result.—(599)

Nor does the fact that the claim is of such character that the amount of it, or whether, in fact, any claim can be established, cannot be known until the result of the action.; e. g., a claim against shareholder in a corporation for the debt of the corporation.—(599)

2. **Estoppel—By Conduct**—When the adversary party is not misled, the filing of an answer in the name of a defendant who is already deceased, works no estoppel upon the administrator.—(600)

*Error to Montrose District Court*—Hon. SPRIGG SHACKLEFORD, Judge.

Messrs. TOLLES & COBBEY for plaintiffs in error.

Messrs. STORY & STORY for defendant in error.

One Paul Gehr was a stockholder in the Bank of Montrose, a banking corporation organized under the laws of this state. The bank· failed and made an

(38)

assignment for the benefit of its creditors. In March, 1899, an action was commenced against the stockholders of this bank, upon their stock liability, by The First National Bank of Denver and others, as creditors of the failed bank, Gehr being one of the defendants. In due time he entered an appearance. In August following the commencement of the action he died, and on the 30th of that month V. L. Hotchkiss was appointed administrator of his estate. The complaint in the action was amended, and in September, 1900, Messrs. Story & Story filed an answer thereto for several of the defendants, including Gehr, but without knowledge, apparently, that at that time Gehr was dead. October following a motion was presented by counsel representing the plaintiffs, to the judge in chambers, suggesting the death of Gehr, and requesting that Hotchkiss, administrator of the Gehr estate, be substituted as defendant. On this motion an order was made, substituting Hotchkiss, as administrator, as defendant in the action. It does not appear from the record that any notice of this motion was served upon the administrator. The order does not recite that any notice was served, nor that there was any appearance on behalf of the administrator. A year later judgment was entered against several of the defendants, but the cause was continued as to Gehr's estate, for the purpose of securing service on the administrator, Hotchkiss. Following this order an *alias* summons, at the request of plaintiffs, was issued and served upon Hotchkiss. The latter did not appear in response to this summons, and in January, 1902, a judgment was entered against him, from which he prosecuted a writ of error to this court, with the result that the judgment was reversed and the cause remanded.—*Hotchkiss, Admr., v. First Nat'l Bank,* 37 Colo. 228. Thereupon Hotchkiss, as administrator, in October, 1906, filed a special motion to

quash the summons above referred to, and the service thereof, which was sustained. In the meanwhile, counsel for plaintiffs filed another motion, to substitute Hotchkiss, as administrator, as a party defendant in place of Gehr, deceased, notice of which was duly served. This motion was sustained. Both these orders were entered October 24th, 1906. A new summons was then issued, and served upon the administrator three days later. In response to this summons, the administrator appeared and demurred to the complaint upon the ground that it did not state a cause of action. Counsel for plaintiffs confessed this demurrer, and by leave of court, filed an amended complaint. To this pleading, the administrator answered, to the effect that Gehr departed this life in the county of Montrose on August 29th, 1899; that he was appointed administrator of the estate on the next day by the county court of that county; that he duly published notice of his appointment for the presentation of claims against the estate within the time and in the manner provided by law; that the claim sued upon was not presented to him, nor was it exhibited in the county court where the administration proceedings were had, within one year after his appointment as administrator, nor was any action brought thereon within one year from that date, nor was he served with summons herein within that period.

As a further defense the defendant alleged that the cause of action against the estate of Gehr, deceased, sued upon did not accrue within six years next prior to the commencement of this action against him as administrator, "wherefore, this defendant invokes the statute of limitations in such cases made and provided, being 2900 Mills' Annotated Statutes of the State of Colorado."

For replication the plaintiffs alleged, in substance, that Gehr was duly served with summons in his lifetime; that the estate has not been closed and no distribution thereof has been made; that sec. 4780 of Mills' Ann. Stats. does not apply to a case of this kind; and deny that the action is barred by the statute of limitations; and alleged that the substitution of the administrator in the place of the deceased was not the commencement of a new action, but simply a continuance of the original cause. When the case was reached for trial, the administrator offered to allow judgment to be taken against him in his representative capacity for the amount of plaintiffs' demand, provided that the judgment should be payable only out of the assets of the estate not inventoried or accounted for by him. This offer was refused, and the case submitted to the court on the pleadings. The court found that no effort was made to have the administrator substituted for the deceased defendant Gehr until October 24, 1900, when an order was made for the substitution of the administrator, but that this order was obtained without any sufficient showing; and that the first valid summons served upon the administrator was October 27th, 1906.

Judgment was rendered that plaintiffs take nothing by their complaint, and that the defendant go hence without day. From this judgment the plaintiffs have appealed to this court; but as we are without jurisdiction to entertain the appeal, we have directed that the cause be entered as pending on error, and will consider it accordingly.

Mr. JUSTICE GABBERT delivered the opinion of the court:

The question of the general statute of limitations is not material. Under no circumstances were plaintiffs entitled to any judgment different from that

which the defendant offered to confess, and they cannot complain that their action was dismissed, when they refused to accept this offer.   Conceding that the order of October, 1900, substituting the administrator as defendant was valid, confessedly no steps were taken to assert or establish their claim against the Gehr estate until that time.   This was considerably more than a year after the administrator had been appointed and qualified.   Sec. 4780, Mills' Stats., after classifying claims, provides that all claims not exhibited against an estate within one year from the granting of letters of administration shall be forever barred unless the creditor presenting it, after that date, shall find other property of the estate of the deceased not inventoried or accounted for by the administrator, in which case his claim shall be paid *pro rata* out of such subsequently discovered assets. Certain persons are exempted from the operation of this provision, but plaintiffs do not fall within these exceptions.   Two methods are provided for exhibiting claims against an estate, one by filing the claim in the county court in which the administration proceedings are pending; and the other by bringing an action in the district court.—Secs. 4787-4792, Mills' Stats.   By the latter section it is provided that creditors bringing their actions in the district court within one year from the issuing of letters of administration shall stand upon the same footing as those exhibiting them to the county court within that period.   Neither of these steps was taken.   No claim was presented in the county court.   The fact that the action was pending against Gehr at the time of his death did not amount to an exhibition against the estate of a claim for the liability sued upon.   This suit did not abate by reason of Gehr's death, but it could not be further prosecuted against his estate or any liability on that account established against it until his legal represen-

tative, the administrator of the estate, was substituted as a party defendant, as provided by section 15 of our Civil Code.—*Morse v. Pacific Railway Co.,* 61 N. E. (Ill.) 104. Until this step was taken, the action commenced against Gehr remained in abeyance—*Williams v. Carr,* 4 Col. App. 363—but the administrator was not required to take notice of its pendency or defend until made a party thereto.—*Symes v. Charpiot,* 17 Col. App. 463; *Judson v. Love,* 35 Cal. 463. The fact that the code provides a suit shall not abate by the death of a defendant does not obviate the necessity of continuing it in the method the code prescribes, within the one year provided for the allowance of claims, if the plaintiff in the action desires to share in the advantage of presenting his claim within that time, for it is only by complying with the code that he elects or is permitted to continue and prosecute his action to judgment against the administrator. Hence, it follows that the claim of plaintiffs was barred except so far as they might be entitled to satisfy it out of the undiscovered assets of the estate of the deceased.

It is urged that because it was not alleged in the answer that the estate had been distributed among the heirs, the plaintiffs were not limited to a satisfaction of their claim out of after-discovered assets of the estate. The statute makes several exceptions with respect to claims not exhibited within one year, but it does not except them if the estate was not distributed at the time the claim was presented. Its evident purpose was to limit the payment of claims not exhibited within the year to assets which the administrator had not discovered at the time they were exhibited.—*McClure v. Board of Commrs.,* 23 Colo. 130; *Townsend v. Thompson,* 24 Colo. 411; *Morse v. Pacific Ry. Co., supra.*

It is also contended by counsel for plaintiffs that the district court had no authority to limit the satisfaction of the judgment rendered to the uninventoried estate of the deceased. The *McClure case, supra,* is express authority for such a limitation.

It is also urged by counsel for plaintiffs that the claim was a contingent one, the exact amount of which could not be ascertained until the trial of the case, as it might not be necessary to assess the stock of the deceased for the full amount of the liability imposed by the statute, or, possibly, not at all, and therefore not presentable until its amount was determined. The cause of action on the stock to establish the liability of Gehr thereon had arisen and was being prosecuted against him at the time of his death. His liability thereon was absolute.—*Zang v. Wyant,* 25 Colo. 551; *Morse v. Pacific Ry. Co., supra.*

The very question to determine in the action was the amount which each stockholder should be required to pay by virtue of the liability imposed by statute. This was not changed by Gehr's death. The same question had to be determined in an appropriate way by establishing the claim therefor against his estate. It might be but for a part of the statutory liability, or for the whole, or, possibly, nothing; but none of these questions rendered the claim in any sense contingent or dependent upon any other action in any other forum or by any other parties. In short, the liability of Gehr in the action instituted against him was an absolute one, and on his death, the only question to determine in prosecuting this liability against his estate was the amount thereof.

It is also asserted that counsel, by filing an answer for the defendants in the original action, including Gehr, when, as a matter of fact, the latter was dead, are in some manner estopped. That act does not affect any proposition in the case. It is evident

from the record that this was the result of an honest mistake, or an inadvertence. It is not claimed that plaintiffs or their counsel were thereby misled, or because of this answer, did not take steps to have the administrator substituted a party defendant at an earlier date than they did. A party cannot complain of that which does not prejudicially affect his rights.

The judgment of the district court is affirmed.

*Affirmed.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE HILL concur.