## No. 10,724.

## PEOPLE, EX REL. EATON *v.* COUNTY COURT OF EL PASO COUNTY, ET AL.

### Decided October 1, 1923.

Petition for writ of prohibition.

### *Alternative Writ Made Peremptory.*

1. EXECUTORS AND ADMINISTRATORS—*Duties—Attorneys.* Under the provisions of 5262, C. L. '21, it is the duty of executors to sue for money due the estate, and that duty implies the further one to employ counsel for the purpose.

2. *Attorney Fees.* An attorney may file a claim in the county court for fees due him for services rendered to the executor of an estate, but he is not limited to that remedy.

3. *Claims—Allowance—Classification.* The county court has exclusive, original jurisdiction to pass upon a claim filed against an estate. If allowed, the statute fixes its classification.

4. *Attorney Fees—Allowance.* Where an attorney is employed to bring an action for the executor of an estate in his personal, as well as representative capacity, his claim for services may be urged against the estate or the executor; and where the attorney recovers judgment in the district court, the executor must present the judgment to the county court for allowance, and on the hearing the judgment of the district court will not be controlling.

5. *Property.* Where a party retains in his hands funds belonging to an estate, he may be subjected to an inquisitorial proceeding at the instance of the executor.

6. COURTS—*Jurisdiction—Estates.* A controversy over funds in the hands of an attorney, belonging to an estate, and a lien of the attorney thereon for fees, having been submitted to the district court, that court is held to have exclusive jurisdiction over the matters involved, and prohibition will lie to enjoin action thereon by the county court.

### *Original Proceeding.*

. Mr. RALPH HARTZELL, for petitioner,

Messrs. STRACHAN, TURNER & CARRUTHERS, for respondents.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

PETITIONER asks that respondents be prohibited from proceeding to adjudicate his claim for attorney's fees against Marie Estelle Ballou personally, and as executrix of the estate of Kingsley Ballou deceased. An alternative writ was issued. Instead of answering, respondents filed their motion to quash "for the reason that the allegations of the petition for the said writ are in law insufficient to sustain the issuance of the said writ and to confer jurisdiction on this court to issue its said writ of prohibition against the respondents." From an examination of the record it appears that the questions involved are purely questions of law, fully raised by the motion and covered by the arguments. Respondents say that this court should not make "the temporary writ heretofore issued permanent, but should quash the temporary writ," and petitioner has filed his request for oral argument, to which he would only be entitled on final hearing. It thus appears, not only that every issue is raised and presented under this motion, but that both parties treat the submission as final. It is therefore so considered. Furthermore the necessity for oral argument is not apparent to us. Respondents make no such request, and it appearing to the court imperative that judgment be entered for petitioner no prejudice arises by reason of our failure to hear such argument; hence the case is disposed of on the written briefs.

Petitioner Eaton, an attorney at law, alleges that he was employed by the executrix as counsel in the matter of the estate pending in the county court of El Paso county and also to prosecute, in the district court of Arapahoe county, a certain action in which the executrix, in her capacity as such and personally, was plaintiff and one Grunwald was defendant, and that the latter employment was by special contract which included the fees to be paid him.

Under his employment and in his professional capacity there came into his hands the sum of $3976.19. He claims there is now due and unpaid him for his services in the action 'in the district court of Arapahoe County $1150.00, in the estate matter in the county court of El Paso County $85.00, and for expenses necessarily advanced $10.34, a total of $1245.34. The petition further sets out that payment of this sum having been demanded and refused Eaton, on or about May 14, 1922, filed his attorney's lien against the money in his hands, one lien being filed in the district court of Arapahoe county and another in the county court of El Paso county. Thereupon he deposited said $3976.19 in a separate account in the Colorado National bank of Denver. About April 1, 1923, the executrix brought suit against Eaton in the district court of the City and County of Denver demanding the full sum of $3976.19, and Eaton counter-claimed for said $1245.34. June 25, 1923, said county court, in the course of an informal hearing, demanded that Eaton deposit therein the whole amount, which he declined to do. About July 3, 1923, Eaton filed a notice to set for trial the cause in the district court at Denver and the executrix filed a motion to dismiss the same. These were presented to the Judge of the Third division and by him ordered set down for hearing in the Fourth division, where the cause was pending and where they would be taken up on the first hearing day available upon the incoming of said court in the month of September, 1923. July 8, 1923, Eaton received notice from the respondent County Judge that his claim had been set for hearing in the county court of El Paso County at 10 a. m. July 16, 1923. The petition herein was filed in this court July 11, 1923.

Petitioner's contention is that the executrix had a legal right to submit her claims against him to the Denver district court for adjudication; that having done so, and that court having acquired jurisdiction, and issue on his counter claim having been joined therein, said cause can not be dismissed without his consent and his claim adjudicated by

the county court of El Paso county. Respondents' position is that petitioner's claim must be filed in the county court and there adjudicated; that the county court has exclusive original jurisdiction of the matter; that inasmuch as the executrix could not, without authority of the county court, dispose of any money or property of the estate, neither could she by contract subject it to Eaton's lien; that the executrix could not enter into a contract of employment with an attorney, which contract fixed the amount of compensation, without the approval of the county court, as thereby the interests of heirs, legatees and creditors would be bound with no opportunity to them to be heard and the estate be depleted in the interest of one creditor to the disadvantage of others who had not had their day in court; that petitioner is not entitled to the writ because he has not objected to the proceeding in the county court; that by the filing of his lien there he submitted his claim to that court's jurisdiction; and that it was the right and duty of the county court to classify claims against the estate and the Denver district court action is an invasion thereof.

Petitioner filed his lien claim under section 6010, C. L. 1921, which provides: "Such lien may be enforced by the proper civil action."

It was the duty of the executrix to bring the suit in the district court of Arapahoe county. Section 5262 C. L. 1921. *Grover v. Clover*, 69 Colo. 72, 74, 169 Pac. 578. That duty implies the further one to employ counsel for the purpose.

Petitioner's claim might, in the first instance, have been filed in the county court as a claim against the estate. As such that court has exclusive original jurisdiction to pass upon it. If allowed the statute fixes its classification. *U. S. Fidelity & Guaranty Co. v. People*, 44 Colo. 557, 98 Pac. 828.

Neither that authority nor any other in this jurisdiction which has been called to our attention limits petitioner to that remedy. On the contrary, Mr. Justice Helm is careful to point out in that opinion that the administrator therein

might have paid the claim and thereafter presented it for allowance by the court, or, with the consent of the claimant, so presented it before payment.

The conclusion seems to us irresistible that such a claim as petitioner's, arising under the circumstances hereinbefore recited, may be urged either against the estate or the executrix at the option of the claimant. Especially is this true where, as here, the executrix elects to bring her action against the attorney with full knowledge of his claim against the fund in question and his right to counterclaim thereon. Under such circumstances the controversy is one between the claimant and the executrix, not between the claimant and the estate, and the county court is not concerned with it. If petitioner recovers in the district court the executrix must still present that judgment to the county court for allowance against the estate and on that hearing the judgment of the district court is not controlling. If it be for a larger amount than the county court, in the proper exercise of its discretion, can allow, the loss must fall upon the executrix, and the estate is protected by her bond in the same way and to the same extent as if she had paid claimant as per her contract out of the funds of the estate in her hands.

It follows that the proposed adjudication of Eaton's claim by the county court is, to say the least, premature. Eaton is not a party to any proceeding there pending. Having retained in his hands funds belonging to the estate he would, had no explanation been furnished to the county court of the cause of such retention, been subject to an inquisitorial proceeding at the instance of the executrix under section 5378 C. L. 1921. *Vick Roy v. Morgan, Adm'x*, 62 Colo. 122, 124, 160 Pac. 1030. His notice of lien claim filed in the county court gave to the court and the executrix all the information which might have been elicited under said section. Thereupon the executrix was authorized to proceed as if the inquisition had taken place, i. e., bring a proper action for recovery of the money. This she did

by the action in the Denver district court wherein petitioner counter-claimed.

Not being a party to the county court proceeding no obligation rested upon Eaton to make a voluntary appearance therein for the purpose of objecting to any action taken or threatened. If petitioner's claim is exorbitant, or based upon collusion, or for any other reason unjust or illegal, the heirs, legatees and creditors are amply protected.

In their briefs herein counsel appear to assume that, should we hold with petitioner, the writ will be sustained and the propriety of that exercise of our discretion is not discussed. It seems however proper to add that the principal consideration therefor is the prospect of an unseemly jurisdictional conflict suggested by the County Judge's notice to petitioner of the setting of hearing on his claim for July 16, 1923, at which time the dispute between him and the executrix was at issue in the district court.

For the foregoing reasons the writ is made peremptory.

MR. JUSTICE ALLEN not participating.