## No. 11,277.

COLORADO NATIONAL BANK, ADMINISTRATOR *v.* McCUE.

Decided September 13, 1926.

Action for foreclosure of pledged property for payment of amount due under contract. Judgment for plaintiff.

### *Modified and Affirmed.*

1. EXECUTORS AND ADMINISTRATORS—*Claims—Courts.* Where a divorced wife filed a claim against the estate of her former husband for allowance of amount alleged to be due under a contract for the payment of money in lieu of alimony, and subsequently commenced an action in the district court involving the same subject matter, when the district court was advised of the pending action in the county court, plaintiff should not have been permitted to further proceed with her case in the district court.

2. *County Court—Powers.* The county court has sole jurisdiction to pass upon the validity of claims against an estate in process of administration, and has sole power to classify the various allowed claims against the estate into their proper divisions.

3. COURTS—*Jurisdiction.* The county court having obtained jurisdiction upon the filing of a claim against an estate, retains jurisdiction and is not ousted by a district court decree in an action involving the same subject matter, and brought after the jurisdiction of the county court had attached.

4. *Jurisdiction.* Where, after filing a claim against an estate in the county court, claimant began an action in the district court involving the same subject matter, while the latter court had jurisdiction, it erroneously exercised it and should have withheld its hand when it appeared that plaintiff had previously submitted her claim to the county court for determination.

5. EXECUTORS AND ADMINISTRATORS—*Pledged Property.* Where property is pledged for payment of amount due under an alimony contract, the husband having died, his estate had an interest in the pledged property, certainly to the extent its value might exceed the amount necessary to pay off the contract indebtedness.

*Error to the District Court of the City and County of Denver, Hon. Henley A. Calvert, Judge.*

Mr. Frank B. Goudy, Mr. P. A. Wells, Mr. Frank L. Ross, for plaintiff in error.

Messrs. Hillyer & Hillyer, for defendant in error.

*En banc.*

Mr. Justice Campbell delivered the opinion of the court.

While William F. McCue and Gladys M. McCue were husband and wife and while she had a cause of divorce, and had determined to bring an action against her husband to dissolve the marriage relation, they made a contract with each other in January, 1920, which recites in the first clause thereof the purpose as above stated, and in the second clause that the parties considered it to be for their best interests that, irrespective of the result of any divorce action, their financial affairs should then be adjusted and agreed upon. The contemplated divorce action was brought and the wife secured a divorce from her husband. This action by her has for its object the enforcement of this contract as against the administrator de bonis non of her deceased former husband's estate, and against the Globe National Bank of Denver, the escrow holder of a certain certificate of corporation stock which the husband in his life time, and at the time the contract was made, gave to the bank as security for the payments which the settlement contract provided for; such payments not having been made by the husband or by the administrator, and the escrow holder having refused to surrender the stock certificate. On its face the contract purports to be a settlement of the property rights of a husband and wife, in lieu of alimony, after

the wife had a good cause of action for a divorce and had determined to bring, and did bring, an action thereon the same day the contract was made. The plaintiff in error here, however, says that clause 7 of the contract makes it a contract that facilitates the obtaining of a divorce and therefore it is void.

The plaintiff's final decree of divorce contained no provision in the way of alimony, or for the support of plaintiff or her daughter, a minor child. The husband died in March, 1923, and administration of his estate is pending, the plaintiff in error, Colorado National Bank, being administrator de bonis non of the estate, which is insolvent. No payments were made by the husband during his life time on this contract, as already stated, and nothing has since been paid.

To the complaint setting forth in substance the foregoing facts, the defendants demurred on various grounds. The demurrer was overruled and defendants stood by their demurrer, declining to answer, whereupon the court rendered a decree in the plaintiff's favor. The decree contains two substantive clauses. After a recital of the facts, including a finding that the contract is valid and that the plaintiff is entitled to possession of the pledged stock and a decree of foreclosure of the security pledged to her, the first clause of the decree proper adjudges that the escrow holder surrender and deliver to the plaintiff the escrow stock or deposit the same with the clerk of the court. The second clause is that the plaintiff shall be permitted to sell the escrow stock in the manner provided by our statutory law for the sale of pledged personal property, to the end that the contract between the parties be carried out. On the same day and apparently contemporaneously with the pronouncement of the decree, the Globe National Bank escrow holder announced that it had no direct interest in the subject matter of the action, other than as escrow holder, and asked permission to deposit the stock with the clerk of the court, which the court thereupon authorized, and the bank tendered to

the clerk the certificate of stock in question, was given a receipt therefor by the clerk, and thereupon the bank was dismissed from the action. The administrator de bonis non of the estate is prosecuting this writ of error to review the decree pronounced. The Globe National Bank executed that portion of the decree against it and of course is not here complaining thereof. The Colorado National Bank, as administrator de bonis non of the estate of W. F. McCue, alone is prosecuting this writ for a review of the decree in its entirety.

In drafting her complaint at least one object of the pleader apparently was to make the case one for a statutory foreclosure and sale of the pledged escrow stock and to apply the proceeds of the sale on the defaulted payments due to the plaintiff under the property settlement contract. While not conclusive as to the nature and object of the action such purpose was obviously in the mind of the pleader, which is further indicated by that part of plaintiff's prayer for judgment against the administrator of the estate for the full sum of $80,000 and interest, which the contract required the husband to pay, and that the plaintiff be permitted to sell the escrow stock and apply the proceeds to the plaintiff's demands and for a deficiency judgment, if any, against the estate itself. In another part of the prayer the plaintiff asked for judgment against the Globe Bank, the escrow holder, for surrender and delivery to her of the escrow stock or, in the event of failure or refusal of the bank to do so, for judgment against it for the value of the stock.

One of the many objections urged upon this review by the plaintiff in error is that the district court was without jurisdiction in the action because another action was pending between the same parties for the same cause in the county court where the administration proceedings were pending, such action being that, before the beginning of this suit in the district court, the plaintiff had filed its claim under this contract against the estate for $80,000 and interest upon which a hearing had not been

had. In answer to this assignment of the administrator, plaintiff's counsel say, while in the prayer of the complaint relief was asked as against the estate in the nature of a judgment against it for the amount of her claim, yet all of the prayer except that relative to the recovery of the pledged stock was abandoned by the plaintiff at the close of the hearing, and that the decree here complained of by the administrator does not purport to, and does not, give any relief beyond enforcing the right of the plaintiff to the possession of the pledged stock which was to be surrendered to her under the terms of the contract upon default in the payments. Counsel further say that it was not necessary that the claim of the plaintiff should have been allowed in the county court, or that it was necessary for the county court to give its consent to the foreclosure of the pledged stock prior to the institution of this action.

In view of this concession and statement by the plaintiff, we are relieved of the duty of passing upon some substantial and important questions discussed by both parties in their briefs. It is obvious that the administrator may not be heard on this review to question that portion of the decree which required the escrow holder to deliver this stock certificate to the clerk of the district court. The decree in that particular has been complied with. Indeed, the administrator does not assign error here to that part of the decree concerning its surrender. The administrator's contention and all its assignments of error are against, and are directed to, the second clause of the decree, which permits the plaintiff to sell the escrow stock as pledged property and to apply the proceeds towards payment of the defaulted contract payments. Were it not that this second clause is inconsistent with the concession of the plaintiff, we would have no hesitation in affirming the decree in its entirety. Though plaintiff's counsel characterize the decree as giving no relief beyond enforcing her right to the possession of the pledged stock, the court in its decree goes farther and authorizes plaintiff to sell the stock under

the terms of the property settlement contract and, as a necessary consequence, to apply the proceeds of such sale on the sum due to the plaintiff thereunder. When the plaintiff as the law authorizes, filed in the county court in the estate proceedings her claim based upon the property settlement contract the county court thereupon obtained jurisdiction to determine it. And when the fact was made to appear here, as it was by the complaint itself, plaintiff should not have been permitted further to proceed herein with her foreclosure. The county court has jurisdiction to pass upon the plaintiff's claim filed therein, and is as competent as the district court to determine the validity of the property settlement contract. Aside from this the county court is the court which has sole jurisdiction to pass upon the validity of claims against an estate during the process of administration, and has the sole power to classify the various allowed claims against the estate into their proper division.

We think the proper disposition of this writ is that the decree be affirmed, only so far as it requires the escrow holder to deliver to the clerk the escrow stock. Indeed that part has been complied with. The second clause, however, we consider should not stand since, in effect, though not in direct words, it adjudicates the property settlement contract to' be valid and virtually is an order of foreclosure as to the pledged stock, and authorizes its sale, the proceeds of which are to be applied to the sums due, and to become due, under the contract. Without intimating an opinion as to the validity of this contract, we merely say that plaintiff should be remitted to the county court where she has already filed her claim on the same demand. The county court, having obtained jurisdiction upon the filing of the claim, retains that jurisdiction, and was not ousted by the district court's decree in this action, brought as it was after the jurisdiction of the county court had attached. The administrator, plaintiff in error, is mistaken, however, in saying the district court did not have jurisdiction of the

subject matter of the action. This is a misuse of the word "jurisdiction." The district court certainly had jurisdiction, and properly exercised it, to require the escrow holder to surrender the escrow stock. The district court also had jurisdiction of the subject matter of the contract itself, but erroneously exercised it, when it should have withheld its hand, when it appeared in the complaint that the plaintiff herself had previously submitted her claims to the determination of the county court.

So, also, is plaintiff wrong in asserting that the pledged stock was segregated from McCue's property holdings during his lifetime when he deposited the same in escrow with the Globe Bank as security for the property settlement agreement, and likewise is she mistaken in asserting, as a corollary, that no interest in the stock passed to the estate upon his death. The contract does not purport to make an absolute conveyance of this stock, but merely a pledge thereof as security for the payment of money which McCue agreed to pay to his wife in lieu of alimony and all her other claims against his estate. Indeed the plaintiff takes an inconsistent attitude in asserting a segregation of the stock, and also that it was pledged merely as security, when she asks the district court to foreclose the lien or security as such. If the stock was conveyed absolutely to the wife, there is no necessity for a foreclosure. Neither the par nor the actual value of this stock is stated. It might be greater than the total sum due to the wife and, if so, the estate certainly has an equity therein. At all events, after careful examination of this record, including the concession of plaintiff's counsel as stated, we are satisfied the district court should have included in its decree only the direction to the escrow holder to surrender the stock, and should not have permitted the plaintiff to sell the stock and to apply the proceeds of the sale upon the amount alleged to be due to the plaintiff. The decree, therefore, should be, and it is, modified by eliminating the second clause as to the sale of the escrow stock. As thus

modified the decree is affirmed and the cause is remanded with instruction to the district court to vacate its decree, and to enter in lieu thereof another decree in conformity with the views expressed in this opinion, eliminating therefrom the second clause of the original decree. Each party shall pay the costs incurred by each in this court.