No. 11,669.

PIERPOINT v. EARL, ADMINISTRATOR.

Decided December 6, 1926.

Action involving allowance of claim against the estate of a deceased person. Judgment of dismissal.

*Reversed.*

*On Application for Supersedeas.*

1.  EXECUTORS AND ADMINISTRATORS—*Statutes—Procedure.* The purpose of statutes relating to allowance of claims against estates of deceased persons, is to simplify the procedure and vest in county courts power to determine such matters in a summary manner without formality of technical pleadings, and to secure to litigants the right of appeal and a review by the Supreme Court.

2.   *Claims—Litigation—Procedure.* One having a claim against the
estate of a deceased person may bring an action in the district court
to have it determined, but there is no authority limiting a claimant
to that procedure in Colorado. He may present his claim to the
county court, in which settlement of the estate is pending, for deter-
mination and allowance, regardless of its character or amount.

*Error to the District Court of Larimer County, Hon.
Claude C. Coffin, Judge.*

Messrs. STOW & STOVER, Mr. PAUL W. LEE, Mr. GEORGE
H. SHAW, Mr. WM. A. BRYANS, III, for plaintiff in error.

Mr. NEIL F. GRAHAM, Mr. FANCHER SARCHET, for de-
fendant in error.

*Department Two.*

MR. JUSTICE WHITFORD delivered the opinion of the
court.

PLAINTIFF filed in the county court of Larimer county
his claim against the estate of Sarah A. Earl, deceased,
claiming the sum of $43,000. The administrator ob-
jected to the jurisdiction of the county court to hear and
determine the claim, which was overruled, and the claim-
ant had judgment for $3,466. Claimant being dissatis-
fied with the allowance, prosecuted an appeal to the dis-
trict court. In the district court the administrator
interposed a plea to the jurisdiction of the court there-
tofore raised in the county court, which was sustained
and the appeal dismissed, on the ground that the court
was without jurisdiction to hear and determine the claim,
and plaintiff in error comes here with a writ of error to
have the judgment of dismissal reviewed, and prays for
a supersedeas.

The verified claim of plaintiff in error filed in the
county court in substance states that Sarah A. Earl, de-

ceased, pretended to convey to the claimant certain land, together with certain particularly described water rights, representing that the waters flowed in the natural stream the year round, and that the water was ample to irrigate all of said land at all times, for the consideration of $53,000, and that the water rights so conveyed were not as represented by the grantor, and that the title to a portion of the same wholly failed, in consequence of which the claimant demanded damages for the failure of title.

The administrator asserts that the county court, sitting as a court of probate, is without jurisdiction to hear and determine a claim of this character, and that the claimant should have first obtained an adjudication of his rights in the district court and thereafter filed an exemplification of the record in the county court.

We think this contention of the administrator cannot be sustained. Our statute provides that the manner of exhibiting claims against an estate should be by filing the same in the county court, and then provides ''formal pleadings shall in no case be required; but the issue shall be formed as in actions before justices of the peace, but heard and determined as in civil actions in courts of record.'' § 5337, C. L. 1921.

Section 5331, C. L. 1921, after enumerating other claims, provides: ''All other debts and demands of whatsoever kind, without regard to quality or dignity, which shall be filed in the county court within one year from the granting of letters as aforesaid, and thereafter allowed by the court, shall compose the fifth class.''

Section 5334, C. L. 1921, provides that ''all persons having claims against the estate may present the same on the day named in such notice, and the court may proceed to hear and determine the same, or if objection be made  *  *  *  may continue the hearing thereof  *  *  * and if objections be made to said claim, the claim shall be adjudicated, as is required in other cases;  *  *  *.'' That is to say, the issues shall be formed as in actions

before justices of the peace and heard and determined as in civil actions in courts of record.

The purpose of these provisions of the probate statute is to simplify the procedure and vest in the county court, as a court of probate, power to hear and determine claims and demands against an estate, in a summary manner, without the formality of technical pleadings, and at the same time secure to litigants the right of appeal and the benefit of a trial de novo in the district court with the right of review in the Supreme Court. It is true claimant might have brought an action in the district court and then filed an exemplification of the record in the county court, if he had elected to pursue that form of procedure, but we know of no authority in this jurisdiction which limits the claimant to that single procedure. *People ex rel. v. County Court,* 74 Colo. 123, 219 Pac. 215.

We have said in *Whitlock v. Coal Company,* 73 Colo. 205, 211, 214 Pac. 549: "We have already adverted to the fact that the statute of 1921, which confers upon county courts power to authorize administrators and others to bring suits of this character in the district courts, is in aid of its own jurisdiction and not a surrender of part of the same to the district court. It does not purport to confer authority upon the county court to delegate any of its exclusive original jurisdiction to administer estates of deceased persons, or to vest in the district courts any part of such jurisdiction. On the contrary, its purpose seems to be to enable the county court, as the result of the judgment and decree that the district court may enter, properly to discharge its duty in exercising probate jurisdiction. Full opportunity is afforded by our statutes for a review by the district and by the Supreme Court of all final decrees and of many interlocutory orders of the county court in estate cases."

A supersedeas will be denied and the judgment reversed, and the cause remanded to the district court,

with directions to set aside its order dismissing the action and to proceed with the trial in harmony herewith.

MR. JUSTICE BURKE, sitting as chief justice, and MR. JUSTICE SHEAFOR concur.