## No. 14,974.

MCKENZIE *v.* CROOK, EXECUTOR.
(129 P. [2d] 906)

Decided September 14, 1942.   Rehearing denied October 5, 1942.

Mr. W. DAVID McCLAIN, Mr. EDWIN A. WILLIAMS, for plaintiff in error.

Messrs. PERSHING, BOSWORTH, DICK & DAWSON, Mr. HAROLD E. POPHAM, for defendant in error.

*En Banc.*

MR. JUSTICE BOCK delivered the opinion of the court.

THE parties here appear before us as they were aligned in the court below, and hereinafter reference will be made to them as they there appeared.

Plaintiff brought an action for damages for breach of an oral contract, the complaint, among other facts, alleging:

"That during the year 1934, said Willis Adams Marean, deceased, made the following offer to plaintiff: That he, the said Willis Adams Marean, deceased, would devise and bequeath to the said Pearl McKenzie, plaintiff herein, by his last will and testament the sum of three thousand dollars ($3,000), if she, the said Pearl McKenzie, would take care of the said Willis Adams Marean, deceased, and act as his nurse, companion and housekeeper, so long as said Willis Adams Marean lived; that said offer was not in writing.

"That the said Pearl McKenzie accepted said offer, and thereafter did and performed all acts and things to be done and performed by her; that said acceptance was not in writing."

Marean died February 9, 1939. By his last will and testament he bequeathed to plaintiff the sum of $250. The will was admitted to probate April 24, 1939. This action was commenced in the district court June 14, 1939. Plaintiff filed no claim against the estate within one year from the granting of letters of administration to defendant, nor does the record disclose that one ever was filed. After trial the jury returned a verdict in favor of plaintiff for the sum of $1,750, for which amount, together with costs, the trial judge entered judgment and ordered, "that the said judgment shall be paid or satisfied only from any estate or property of the deceased, Willis Adams Marean, not inventoried or accounted for in the county court of the City and County of Denver by the executor of said estate."

Plaintiff here seeks to reverse the judgment as limited by the above provisional order. Defendant assigns cross specifications of points, urging solely that the district court had no jurisdiction over the person or subject matter. We first take up the question of jurisdiction.

■■ Counsel for defendant contend that plaintiff, having elected to proceed at law for damages for breach of contract, must, in order to recover, file her claim in the county court against the estate within the period of

one year, as provided by section 195, Fifth—chapter 176, '35 C.S.A. It is contended that, she having failed to do this, the district court had no jurisdiction. Further elucidating this contention, it is asserted that plaintiff had a choice of two remedies: (1) An action at law for damages for breach of contract; (2) a suit in equity for specific performance. Counsel for both parties concede that the district court has jurisdiction to award the latter remedy. *Oles v. Wilson,* 57 Colo. 246, 141 Pac. 489; *Colorado National Bank v. McCue,* 80 Colo. 55, 249 Pac. 3; *Johnson v. Johnson,* 87 Colo. 207, 286 Pac. 109; *Ballou v. First National Bank,* 98 Colo. 101, 53 P. (2d) 592. The problem before us is whether the district court has jurisdiction over what counsel for defendant designate an action at law, and, if it has, whether, in such litigation, the sole remedy is the filing of a claim under section 195, Fifth, supra. It appears that we never have passed directly upon this point. From what we have said in former decisions, it perhaps is a fair statement that, as related to the presented question, we have made no distinction between actions for damages and those in which other remedies are sought. *People, ex rel. v. County Court,* 74 Colo. 123, 219 Pac. 215; *Colorado National Bank v. McCue, supra; Pierpoint v. Earl,* 80 Colo. 328, 251 Pac. 529. In the case of *Ward v. Ward,* 94 Colo. 275, 30 P. (2d) 853, in which the remedy was identical with that in the case at bar, we reversed the action of the trial court in sustaining a demurrer to the complaint, but the precise point before us was not determined. In our opinion, the trial court under the circumstances here appearing was right in holding that the district court has jurisdiction, and that a distinction between the remedies is immaterial. We take this view, not only in the interest of clarification and certainty, but also because it is in harmony with our Rules of Civil Procedure, which abolishes the distinction between actions at law and equity, and provides for "one form of action to be known as civil action." Rule 2, R.C.P. Colo. Under this

rule the remedy which the court grants is controlled by the pleadings and evidence in support thereof, independent of any technical distinctions theretofore applicable. It is true in this jurisdiction that the abolishment of separate forms of action has not received more than mere lip service. To accomplish the elimination of more than one form of pleading requires an affirmative approach by both bench and bar, in the spirit of the Code, "to secure the just, speedy and inexpensive determination of every action."

We are not here concerned with the jurisdiction of the county court over a claim filed within one year against an estate which is being settled therein, nor with any claim contracted in the course of administration, as in *United States Fidelity & Guaranty Co. v. People,* 44 Colo. 557, 98 Pac. 828; neither are we here dealing with a controversy between a claimant and the executor as in *People, ex rel. v. County Court, supra.* It is clear that after. a claim has been filed under section 195, Fifth, supra, it amounts to an election foreclosing a suit thereon in the district court. The claimant has only one choice, and, having chosen, has made an election by which she is bound. *Ballou v. First National Bank, supra; Colorado National Bank v. McCue, supra.* In the instant case plaintiff elected to file a suit in the district court, and not a claim against the estate in the county court. The district court has jurisdiction over such an action, but the claimant is subject to the hazard of procuring a satisfaction of the judgment obtained, under the limitation to which we hereafter refer.

This brings us to the point urged by counsel for plaintiff for reversal, namely, the invalidity of the proviso in the judgment which limits the satisfaction thereof from the estate or property of the deceased not inventoried or accounted for by the defendant executor. The basis for this proviso is found in the following language in section 195, Fifth, supra: " * * * All demands not filed within one year as aforesaid, and afterwards

allowed, shall be forever barred, unless such creditor shall find other estate of the deceased not inventoried or accounted for by the executor or administrator; * * * ." That plaintiff did not file her claim in the county court within one year is undisputed. Eventually her claim in the nature of a judgment will have to be filed in that court. '35 C.S.A., c. 176, §198; *People, ex rel. v. County Court, supra; Pierpoint v. Earl, supra.* Under the circumstances before us, the claim is one which was not filed within one year as provided by law, and therefore this judgment properly included the limitation referred to above. That this is the legislative intent is clear. It also would seem to be sound public policy, because our probate laws contemplate that an estate, if possible, should be liquidated within one year. Without this limitation, under section 195, Fifth, supra, liquidation of estates and payments to heirs and legatees could be unduly delayed. Prior to 1903 a suit in the district court by a creditor, instituted within one year from the issuing of letters of administration, and in which he obtained judgment, permitted his sharing in the proceeds of the estate, in the same manner as if a claim had been filed in the county court; but this law was expressly repealed. Chapter 181, Session Laws of 1903, pp. 535, 537. We sustained the validity of judgments containing a proviso, such as is contained in the judgment before us, in *McClure v. Board of Commissioners,* 23 Colo. 130, 46 Pac. 677, and *First National Bank v. Hotchkiss,* 49 Colo. 593, 114 Pac. 310.

The judgment is affirmed.