No. 18,042.

MARY MARGARET BROWNE WELLER, AS ADMINISTRATRIX, ETC. *v.* THE BANK OF VERNAL.

(321 P. [2d] 216)

Decided January 20, 1958. Rehearing denied February 17, 1958.

Mr. CLARENCE L. BARTHOLIC, for plaintiff in error.

Messrs. HODGES, SILVERSTEIN, HODGES & HARRINGTON, Mr. JOHN BROOKS, JR., for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

IN the trial court plaintiff in error, to whom we will refer as Administratrix, was one of several defendants named in an action brought by defendant in error, referred to hereafter as the Bank, to foreclose a deed of trust and recover a deficiency judgment after sale of the property under foreclosure. A deficiency judgment was entered in the district court against the Administratrix and another defendant, and the Administratrix is here on writ of error seeking reversal.

The record discloses that one Raymond G. Connor, Jr., acquired title to certain real estate in Rio Blanco County, Colorado, and as a part of the purchase price therefor, executed a note secured by deed of trust thereon in the sum of $7,500 in favor of Merline A. Clark. In November 1947, Merline A. Clark borrowed $7,500 from the Bank and as security for this obligation assigned Connor's note and deed of trust to the Bank. In May 1948, Connor sold the property to Pauline Hinkle and by the deed of conveyance Mrs. Hinkle assumed and agreed to pay the $7,500 indebtedness. Fractional interests

in the property were later by her conveyed to her son and her stepfather and thereafter these parties agreed to trade the property to B. M. Browne, a Denver real estate broker, as part consideration for purchase of the furniture and lease of the Glenaire Apartments in Denver, Colorado, the total price being $35,000. The Rio Blanco County property was conveyed to Browne by warranty deed which recited a consideration of ten dollars and "other valuable considerations" and the deed further provided: "Together with all improvements, appurtenances and rights of way on the above described land, excepting a first deed of trust dated October 18, 1947, recorded * * * which deed of trust has been assigned, said assignment being recorded in Book 126 page 96. * * *" This note and deed of trust is the indebtedness sued upon in the present action. The Bank's complaint alleged that B. M. Browne assumed and agreed to pay the $7,500 indebtedness against the Rio Blanco County real estate.

It is admitted that within the statutory six months period the Bank filed a claim based on this note in the Browne estate. Subsequently the foreclosure suit was filed in the district court and a deficiency judgment against Mrs. Hinkle and the Browne estate was prayed for. The Administratrix moved to dismiss the district court action against the Browne estate claiming that the probate court was the only court in which the indebtedness claimed against the Browne estate could be originally determined. This motion was denied, renewed during the trial and again denied. The decree of foreclosure prayed for by the Bank was entered, the property was sold and the sale confirmed by the district court. This portion of the judgment is not presented for review.

Thereafter judgment was entered against the Administratrix and Mrs. Hinkle in favor of the Bank for the deficiency remaining due on the note after the sale of the real estate. Mrs. Hinkle is not a party to these proceedings on error. The Administratrix brings the case

here urging that the trial court had "no jurisdiction to pass upon the matter, which was the subject of a claim filed by the Bank of Vernal in the Denver county court where the estate of B. M. Browne was pending." A determination of this question is conclusive of the matters presented by this writ of error.

The final judgment in the present case was entered April 18, 1956, prior to our first announcement in *Koon v. Barmettler*, which was an affirmance by operation of law and without opinion. Thereafter on September 24, 1956, following a denial of a rehearing, a written opinion was announced. *Koon v. Barmettler*, 134 Colo. 221, 301 P. (2d) 713.

In the course of that opinion we said: "In *Colorado National Bank, Admr. v. McCue*, 80 Colo. 55, 249 Pac. 3, we held that when a claim is filed against an estate pending in the county court, then an action involving the same claim cannot subsequently be filed in another court. We confirm that decision on the facts therein set forth.

"In the case of *Pierpont v. Earl, Admr.*, 80 Colo. 328, 251 Pac. 529, there is language to indicate that a claimant may have some option to file a claim in the probate court or to file an action in the district court. If this case be regarded as authority for the proposition that a claimant after probate *jurisdiction has attached* in a county court has the option of either presenting his claim in the county court or of filing suit in the district court, then such a holding is expressly overruled. * * *

"We turn now to the second phase where no action is pending in another court against a deceased party prior to the issuance of letters in a county court. In such a case the county court sitting in probate has exclusive jurisdiction in its broadest sense to hear and determine all claims presented, and a claimant has no option to file suit in another court after the issuance of letters. C.R.S. '53, 152-1-8 grants the right of appeal from the county court to the district court in probate matters,

but in any event, the county court is the first and proper forum under the situation set forth in this paragraph."

■■ Here the question of whether B. M. Browne had assumed and agreed to pay the indebtedness due the Bank by his acts, writings and conduct prior to and contemporaneous with the conveyance of the Rio Blanco County property to him, was the basis of the claim filed in the county court. Under our holding in Koon v. Barmettler this claim had to be determined in the county court, and, if allowed, the amount realized on the sale of the property credited on the claim. If a deficiency then remained the amount thereof is required to be classified by the county court in accordance with the statute.

Holding as we do that the county court had exclusive jurisdiction to determine the liability of the Browne estate for the payment of the deficiency remaining after the foreclosure, it follows that the judgment against the administratrix for the deficiency remaining must be vacated, and it is so ordered.