No. 18,044.

WILLIAM E. MEYERS, AS EXECUTOR, ETC. *v.*
RITA ANN WILLIAMS, ET AL.
(324 P. [2d] 788)

Decided April 28, 1958.

Messrs. STONE & BLOOD, for plaintiff in error.

Messrs. HORNBEIN & HORNBEIN, Mr. ROY O. GOLDEN, for defendants in error Rita Ann Williams and Mary Loretta Williams.

Mr. DUANE O. LITTELL, for defendant in error The Rio Grande Fuel Company.

*En Banc.*

Mr. Justice Day delivered the opinion of the Court.

Plaintiff in error William E. Meyers as executor of the estate of Sanford Caldwell was a defendant in the district court in a suit for damages for wrongful death. Defendants in error, plaintiffs below by their next friend, were the children of Mae Williams who died in her room as a result of monoxide poisoning from a defective furnace. Sanford Caldwell was the landlord of the property where the incident occurred and died in the same house in the same accident. The plaintiffs were awarded a judgment in the amount of $8,000.00 on a finding by the court that the defective furnace was the result of the negligence of the decedent Caldwell. The Rio Grande Fuel Company, another of the defendants in error, was impleaded as third party defendant in a cross claim by the executor alleging that if the furnace was defective it was through the negligence of The Rio Grande Fuel Company which had been hired to service, repair and clean the furnace.

Numerous errors are cited by plaintiff in error, but we need not consider any of them for the reason that the jurisdiction of the district court to entertain the cause has been challenged, and a decision on that question is determinative of all matters involved.

This cause of action did not arise until the instant of death of Sanford Caldwell which occurred at and about the same time and in the same accident as did the death of plaintiffs' mother. On January 15, 1954, letters testamentary were issued out of the county court in the matter of the estate of Sanford Caldwell, deceased, and William E. Meyers became the qualified executor. Within the time prescribed by the statute and prior to the filing of this action, a claim was filed by the plaintiffs in the county court against the estate in the sum of $10,000.00, where it remains on file and undetermined.

In September 1954, approximately nine months after the issuance of letters to Meyers, this action was filed in the district court.

As appears from the record, the executor as defendant in the district court action did not challenge the jurisdiction of that court and at no time objected to the trial there. It is alleged in an affidavit by plaintiffs in error that he, in fact, stipulated that the cause could be tried in the district court. There is no stipulation of record, however. Assuming that the executor did agree to the trial in the district court, jurisdiction of the subject-matter (an unliquidated and contingent claim in an estate) cannot be conferred by agreement or stipulation of the parties. *Peabody v. Thatcher,* 3 Colo. 275; *Schilling v. Rominger,* 4 Colo. 100; *Saunders v. Norton,* 98 Colo. 537, 58 P (2d) 482. Objection to jurisdiction can be made at any time even for the first time here on writ of error. *Board of County Commissioners of Arapahoe County v. The Denver Union Water Company,* 32 Colo. 382, 76 Pac. 1060; *Strousse v. Bank of Clear Creek County,* 9 Colo. App. 478, 49 Pac. 260; *Empire v. Millet,* 24 Colo. App. 464, 135 Pac. 127.

Question to be Determined.

*After probate jurisdiction has attached, is the county court vested with sole and exclusive jurisdiction of claims presented before it?*

This question is answered in the affirmative. Recently we had occasion to clarify the matter of jurisdiction of the county court in claims against the estates of decedents. *Koon v. Barmettler, Admx.,* 134 Colo. 221, 301 P. (2d) 713, decided September 24, 1956. In that case the court held unequivocally that where at the time of the issuance of letters in the county court no suit was pending against the decedent in his lifetime, "the county court sitting in probate has exclusive jurisdiction in its broadest sense *to hear and determine all claims presented,* and *a claimant has no option* to file suit in another court after the issuance of letters. C.R.S. '53,

152-1-8 grants the right of appeal from the county court to the district court in probate matters, but in any event, the county court is the *first* and *proper* forum under the situation set forth in this paragraph." (Emphasis supplied.)

It is to be noted that in a strong dissent filed by Mr. Justice Sutton in *Koon v. Barmettler,* supra, and concurred in by Mr. Justice Moore, it was asserted that where one elects to file a claim in the county court and does so as required by the statute, *he cannot later file a new suit in the district court.* See also *McKenzie v. Crook,* 110 Colo. 29, 129 P. (2d) 906.

The district court lacking jurisdiction in an action against the executor of an estate in which a claim based upon the identical cause of action has been filed and remains undetermined in the county court, had no power to enter the judgment.

The judgment is reversed and the cause remanded with directions to dismiss the action.