No. 18,568.

Larry Ohmie, by his father and next friend *v.*
Mary Pauline Martinez, Administratrix, etc.
(349 P. [2d] 131)

Decided February 1, 1960.    Rehearing denied February 23, 1960.

Messrs. RYAN, SAYRE & MARTIN, for plaintiff in error.

Mr. ROBERT L. PYLE, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE DOYLE.

PLAINTIFF in error, a minor, instituted this action through his father and next friend in the district court of Boulder County seeking damages as a result of injuries incurred in an automobile accident involving a collision between the car in which he was riding and one driven by one Candido G. Martinez. Martinez died as a result of the accident and the defendant named in the suit was Mary Martinez, Administratrix of the Estate of Candido Martinez. Summons in the action was duly served on the Administratrix and on the same day a claim was filed by plaintiff in the county court of Boulder County. This claim was disallowed on the ground that it was not filed within the six months' limitation period and reasons for late filing were not shown. The disallowance of the estate claim was appealed to the district court and finally dismissed without prejudice. Following this, the Administratrix moved to dismiss the district court action on the ground of lack of jurisdiction over the subject matter and over the person and on the ground that it failed to state a claim. The district court granted this motion and although its reasons do not

appear in the record on error it is conceded by the parties that its basis was lack of jurisdiction.

The determinative issue in the case revolves around the Survival Statute, C.R.S. 1953, 152-1-9 (1957 Supp.), and a construction of its terms. It provides in pertinent part as follows:

"* * * Any action under this section may be brought, or the court on motion may allow, the action to be continued by or against the personal representative of the deceased. Such action shall be deemed a continuing one, and to have accrued to or against such representative at the time it would have accrued to or against the deceased, if he had survived. If such action is continued against the personal representative of the deceased, a notice shall be served on him as in cases of original process, but no judgment shall be collectible against a deceased person's estate or personal representative unless a claim shall have been filed within the time and in the manner required for other claims against an estate."

Plaintiff's position is that the district court has plenary jurisdiction to entertain any and all claims; that this jurisdiction derives from the Constitution of Colorado and that a jurisdictional limitation requiring that such a claim be first filed in the county court would be contrary to the pertinent constitutional provisions. Plaintiff further argues that the statute is reasonably susceptible to a construction which is not in conflict with the constitutional provision referred to. He contends that the statute merely requires that a claim which has been filed in the district court during the lifetime of the decedent may be continued against his personal representative and may be collectible against the estate of the decedent only if notice has been given to the personal representative and a claim has been filed in the estate in the required manner.

The argument of the defendant is that C.R.S. 1953, 152-1-9 (1957 Supp.) and 152-12-12 confer exclusive

jurisdiction on the county court to hear all claims, including injury claims of the kind here in question, and that once letters of administration have issued the county court has exclusive jurisdiction. A third point on behalf of defendant is that the ruling of the county court on this claim is final and conclusive and it may not be asserted in a separate action in the district court.

Article VI, Section 11 of the Constitution of Colorado confers an original jurisdiction of all causes "both at law and in equity, and such appellate jurisdiction as may be conferred by law . . ." on the district court.

Section 23 of Article VI describes the jurisdiction of county courts and declares that:

"County courts * * * shall have original jurisdiction in all matters of probate, settlement of estates of deceased persons, appointments of guardians, conservators and administrators, and settlement of their accounts, * * *"

■ This Court has repeatedly held that the jurisdiction of district and county courts is concurrent with respect to matters which fall within the jurisdiction of both. *People ex rel. Porteus v. Barton,* 16 Colo. 75, 26 Pac. 149 (district court has power to issue ne exeat to guardian of estate); cf. *Marshall v. Marshall,* 11 Colo. App. 505, 53 Pac. 617 (suit to recover property held by administratrix). On a number of occasions the assertion of a claim in the district court has been upheld against the objection that it was without jurisdiction to hear the claim. *Fish v. Liley,* 120 Colo. 156, 208 P. (2d) 930 (both parties in auto accident dead, wrongful death action maintainable in district court against estate); *Vance's Heirs v. Maroney,* 3 Colo. 293, 295 (dictum); *Marshall v. Marshall,* supra; cf. *Tucker v. Tucker,* 21 Colo. App. 94, 121 Pac. 125; *Finch v. McCrimmon,* 98 Colo. 56, 52 P. (2d) 1150 (suit in district court by executor to recover property, counterclaim by defendant for care given deceased); *Pierpoint v. Earl,* 80 Colo. 328, 251 Pac. 529 (dictum); *Bennett v. Poudre Valley Nat'l Bank,* 129

Colo. 107, 267 P. (2d) 647 (jurisdiction in district court to determine claim for attorney fee against estate for representing estate). See *Darling v. McDonald,* 101 Ill. 370 (1882), (judgment for services as nurse in circuit (district) court, and that court had jurisdiction).

Prior to the amendment of C.R.S. 152-1-9 in 1955 the relation of the time limit on the filing of claims and the jurisdiction of the district court to hear such claims was considered on a number of occasions. *McKenzie v. Crook,* 110 Colo. 29, 129 P. (2d) 906 (suit in district court for specific performance of contract to make a will in return for service as nurse, failure to file claim in county court held no bar to district court jurisdiction); *Selkregg v. Thomas,* 27 Colo. App. 259, 149 Pac. 273 (suit for fraud brought while the defendant was alive, continued against estate without filing claim in county court; the district court held to have jurisdiction); *McClure v. Board of County Commissioners of the County of La Plata,* 23 Colo. 130, 46 Pac. 677 (under the old statute); *First Nat'l Bank of Denver v. Hotchkiss,* 49 Colo. 593, 114 Pac. 310; *Johnson v. Johnson,* 87 Colo. 207, 286 Pac. 109 (district court had jurisdiction over suit against legatee of stock for specific performance of contract by deceased to sell stock even though claim not filed in county court within time limit); *Hoff v. Armbruster,* 125 Colo. 324, 244 P. (2d) 1069 (joint and mutual wills; failure to file claim no defense to action to enforce in district court).

██ The conclusion to be drawn from the above cases is that prior to the adoption of the present C.R.S. 152-1-9 in 1955 the failure to file a claim in the county court had no bearing on the jurisdiction of the district court to adjudicate the claim.

The question to be determined, therefore, is whether the 1955 statute, 152-1-9, changes the law which existed prior to 1955 so that the county court now has exclusive jurisdiction to hear and determine surviving tort actions against estates.

■ A construction of the statute imputing to it a meaning which gives exclusive jurisdiction to county courts would raise a conflict between the statute and Article VI, Section 11, supra, and thus such a construction should be avoided if the statute is reasonably susceptible to a construction in harmony with the mentioned constitutional provision. It is impossible to ascertain the exact intent of the Legislature and consequently we must consider the intent and purpose from its language alone. As we interpret it, the reference is not to an action of the character here in question but rather to one which has been instituted prior to the death of the decedent. This meaning is to be inferred from the words "if such action is continued against the personal representative * * * " It then declares that notice shall be given to the personal representative and that a claim must be filed in the estate in order to be "collectible against a deceased person's estate."

■ There is a reasonable basis for distinguishing between actions instituted prior to the death of decedent and those which are commenced after his death. In the latter case there would be no problem of notice because summons would be served upon the personal representative. In the former case there is a problem of substitution of the administrator and there is necessity for filing timely notice if the claim is to be satisfied from the assets of the estate.

Having concluded that the statute in question does not apply to the instant case, we find it unnecessary to comment on procedure for enforcement of a judgment where there has been a failure to notify and file an estate claim within the time prescribed by 152-1-9. See *McKenzie v. Crook,* supra, *McClure v. Board,* supra, and *Bank v. Hotchkiss,* supra. See also *In re Estate of Bird,* 410 Ill. 390, 102 N.E. (2d) 329 (1951) per Bristow, J.

Defendant further argues that even though jurisdiction in the district court be conceded, that once letters of administration have issued the district court may not

thereafter entertain an action against the estate of the deceased tort feasor. He relies on the following cases: *McKinnon v. Hall,* 10 Colo. App. 291, 50 Pac. 1052; *Colorado Nat'l Bank v. McCue,* 80 Colo. 55, 249 Pac. 3; *Koon v. Barmettler,* 134 Colo. 221, 301 P. (2d) 713; *Meyers v. Williams,* 137 Colo. 325, 324 P. (2d) 788; *Weller v. Bank of Vernal,* 137 Colo. 32, 321 P. (2d) 216.

In *McCue, Meyers,* and *Weller* claims were filed first in the county court, and these cases merely represent application of the equity doctrine of priority of jurisdiction. The language in *Koon* is strictly dictum. Only *McKinnon* gives any support to his contention, and this view has been rejected often in other cases, e.g., *Marshall v. Marshall,* supra; *People ex rel. Eaton v. County Court of El Paso County,* 74 Colo. 123, 219 Pac. 215; *Bennett v. Poudre Valley Nat'l Bank,* supra; *McKenzie v. Crook,* supra.

There is no merit to the argument of defendant that the disposition of the claim by the county court operates as a bar to further proceedings in the district court. Since the disallowance in the county court was strictly on the ground that the claim had not been filed within the statutory limit of six months, it is clear that this was not an adjudication on the merits, and in the light of our conclusion the district court has full power to adjudicate the merits of plaintiff's claim.

It is unnecessary to consider any problem of priority of jurisdiction raised by the commencement of the two actions on the same day in courts of concurrent jurisdiction since the district court was left with full jurisdiction over the case after the county court ruled it could not hear the claim.

The judgment is reversed and the cause is remanded for further proceedings consistent with the views expressed herein.

Mr. Justice Moore and Mr. Justice Frantz concur.