567 P.2d 819 (1977)
Teresa Lynn PRICE, Alan Dale Price and Jeff Wade Price, minors, by their next friend, Thomas W. Metcalf, Plaintiffs-Appellees,
v.
Mayo SOMMERMEYER, personal representative of the Estate of Christine E. Price, Deceased, Defendant-Appellant.
No. 76-585.
Colorado Court of Appeals, Division III.
May 26, 1977.
Rehearing Denied June 23, 1977.
Certiorari Granted August 15, 1977.
Anderson, Dressel & Woodard, Samuel L. Anderson, Fort Collins, for plaintiffs-appellees.
Montgomery, Little, Young, Campbell & McGrew, P. C., J. Bayard Young, Donald G. Musselman, Denver, for defendant-appellant.
PIERCE, Judge.
This is an appeal by the personal representative of the estate of Christine E. Price from a judgment of liability in a wrongful death action brought by her minor children seeking recovery from her estate for the demise of Johnny E. Price, the children's father and Christine's husband, in a vehicular collision. We reverse.
The Prices were domiciliaries of Nebraska. They came to Colorado for the purpose of leaving their children in the care of relatives while completing a move into a newly purchased home in Nebraska. While the Prices were driving home to Nebraska, but still in Colorado, their auto struck an unattended truck parked on the shoulder of the highway. Johnny Price was killed instantly; Christine died 20 days later.
The Prices' minor children procured the appointment of a personal representative in *820 Colorado for the purpose of maintaining this wrongful death action against their mother's estate. The only asset alleged to be subject to administration in Colorado by virtue of ownership by Christine Price was an automobile liability insurance policy. This policy was issued to the Prices in Nebraska through an Iowa insurance agency, which, by admission, was authorized to transact business in Colorado.
The appointed personal representative initially challenged by motion the subject matter jurisdiction of the court on the ground that the permissible period for appointment of a personal representative and presentation of a creditor's claim had expired. See C.R.S. 1963, 153-7-2 & 153-7-3. After denial of this motion, the personal representative filed an answer generally denying the allegations of the wrongful death complaint and raising certain affirmative defenses. With the permission of the court, a supplemental answer questioning subject matter jurisdiction generally was later filed prior to trial. A jury found for the plaintiffs.
Appellant alleges numerous errors in support of reversal. We conclude, however, that the issue of subject matter jurisdiction is dispositive of this appeal.
In Wheat v. Fidelity & Casualty Co., 128 Colo. 236, 261 P.2d 493 (1953), our Supreme Court concluded, on the basis of facts indistinguishable from the present case, that Colorado courts lack subject matter jurisdiction to administer the estate of a non-domiciliary who at the time of death owned no assets which were arguably subject to Colorado administration other than a liability insurance policy issued by a company authorized to transact business within this state. There, the court determined that the situs of the policy issued to the non-domiciliary was the decedent's actual domicile, and hence, the policy issued was not an asset subject to Colorado administration. See C.R.S. 1963, 153-1-3.
This aspect of Wheat has never been modified or overruled by statute or decision, and thus remains the law in Colorado.
The effect of Wheat on this case is that the district court lacked subject matter jurisdiction over the wrongful death action. The question of subject matter jurisdiction was raised below, and was a matter for the independent determination of the trial court. See Jackson v. Bates, 133 Colo. 248, 293 P.2d 962 (1956). Although jurisdiction was challenged only generally, and not on the precise point upon which we reverse, subject matter jurisdiction cannot be conferred by stipulation or inaction. Meyers v. Williams, 137 Colo. 325, 324 P.2d 788 (1958); cf. Miller v. Weston, 67 Colo. 534, 189 P. 610 (1920).
Judgment reversed.
SILVERSTEIN, C. J., and STERNBERG, J., concur.