No. 8873.

LOWE ET AL. v. HOWELL.

CONTRACTS—*Rescission.* One who would rescind a contract for fraud in procuring it must act with reasonable diligence. If for years after the discovery of the fraud he continues to treat as his own, the property the purchase of which was the subject matter of the contract, rescission will be denied.

*Error to Denver District Court, Hon. Granby Hillyer, Judge.*

Messrs. J. E. SIMONSON and W. G. SIMONSON, for plaintiffs in error.

Messrs. DOUD & FOWLER, and Mr. ERNEST B. FOWLER, for defendant in error.

Mr. Justice Bailey delivered the opinion of the court.

Plaintiffs in error were defendants below in an action in which defendant in error sought to enforce payment of a note given by E. E. Lowe for a balance due on the purchase price of certain land and water stock in Los Animas County, and to enforce a lien upon such water stock standing in the name of Edith G. Lowe, and deposited as collateral for the payment of such note. Answering the complaint defendants set up fraud and false representations in respect to the sale of the land and water rights, and asked for a rescission of the contract. At the conclusion of the testimony judgment was rendered for plaintiff, upon demurrer to the evidence. In this opinion the parties will be designated as in the court below.

It appears that in 1911, defendant E. E. Lowe, and one Adamson, purchased from plaintiff a desert claim of 320 acres in The Model Land & Irrigation Company project, together with 160 shares of water stock in that company, for $7,600.00. In May of the same year E. E. Lowe and his wife, Edith G. Lowe purchased another 320 acres, and another block of 160 shares of water stock. There were two notes given as part payment for the last purchase. The first note was paid by E. E. Lowe when due. Defendants contend that they were induced to buy the second tract by the representations of defendant that it was similar in every respect to the first one purchased, in regard to the water rights, and that the water represented by the 160 shares of stock was sufficient to water the entire acreage so sold, and to secure title from the government. They also allege that there were representations in regard to the character of the land, and the amount of water which could be obtained, all of which were false and untrue. In view, however, of the undisputed conditions presented, it will be unnecessary to pass upon the question whether the representations alleged to be false, were sufficient to avoid the contract.

In sustaining the demurrer to the evidence the court did so on the ground that defendants failed to ask a rescis-

sion of the contract within a reasonable time, and that, by reason of such failure the plaintiff would necessarily be damaged, should a rescission be decreed.  Defendants first discovered in 1912 what they believed to be evidence of the falsity of the representations made.  At that time their counsel took up the matter of a rescission for consideration, but instead of beginning proceedings to that end, a compromise was suggested, and until this action was commenced in April, 1915, defendants treated the property as their own.  A tenant was put into possession of the land under a lease agreement expiring in February, 1917.  Also, when plaintiff's entry of the land as a desert claim had expired, defendants themselves filed upon it.  Both of these acts were done long after the alleged falsity of representations by plaintiff were known to them.  The first act of the defendants looking to a rescission of the contract was in filing an answer in this action wherein plaintiff sought to compel payment of the note for the balance of the purchase price of the land.

It is settled doctrine here that the party who seeks to rescind a contract must do so within a reasonable time after the discovery of the alleged fraud.  After having elected to rescind the contract, he must consistently adhere to the choice of remedies.  He cannot pursue a double course by attempting on the one hand to rescind, and on the other to still exercise dominion over the subject matter of the contract.  The two remedies, one for damages and the other for rescission, for fraudulently inducing a contract are inconsistent, and the adoption of the one precludes a party from obtaining redress under the other.

*Auld v. Travis*, 5 Colo. App. 535, 39 Pac. 357; *Tilley v. Montelius Piano Co.*, 15 Colo. App. 204, 61 Pac. 483; *Butler v. Rockwell*, 14 Colo. 125, 23 Pac. 462; *Reynolds v. Hart*, 42 Colo. 150, 94 Pac. 14; *Brown v. Gordon-Tiger Co.*, 44 Colo. 311, 97 Pac. 1042; *Central Life Assurance Society v. Mulford*, 45 Colo. 240, 100 Pac. 423; *Ponder v. Altura Farms Co.*, 57 Colo. 519, 143 Pac. 570; *Halm v. Wright*, 168 Pac. 36.

In *Halm v. Wright, supra,* the court, in discussing the rescission of a contract, said:

"The land was conveyed to defendants in February, 1910, and they went into possession the following month. They cultivated it and continued to live on the property and cultivate it until 1913, at the time the cross bill was filed. They were in possession for more than two years before the action was begun to foreclose, and not until the commencement of that suit did they in any way repudiate the contract of purchase and sale, or seek a rescission of it.

"It is axiomatic that the powers of a chancery court to rescind a contract on the ground of fraud cannot be exercised unless it be clearly established that the party seeking relief has been guilty of no laches after discovery of the fraud. * * * This rule is laid down in 6 R. C. L. 935, as follows: 'The right to elect to rescind a contract on the ground of fraud must be done promptly upon discovery of the fraud. If any act is done by the complaining party after discovering the alleged fraud towards perfecting or carrying out the contract it is an irrevocable election to abide by the contract.' "

From the record it is manifest that defendants were unmindful of their duty to act at once after discovering the alleged falsity of the representations as to the land and water rights. After such discovery they continued to treat the property as their own, and are now precluded, as matter of law, from asserting a right to rescind the contract. The judgment of the trial is therefore right and will be affirmed.

*Judgment Affirmed.*

Decision *en banc.*

Decided December 3, A. D. 1917.    Rehearing denied February 4, A. D. 1918.