### No. 10,005.

### PEPPERS, ET AL. v. METZLER.

Decided April 3, 1922.

Action on promissory notes.   Judgment for defendant.

### Reversed.

1.  PLEADING—*Counterclaim.*   A counterclaim, in so far as its consistency is concerned, is a complaint, and is to be tested as to this question, by the same rules as complaints are tested.

2.  ACTIONS—*Remedies.*   A remedy based on the theory of the affirmance of a contract is inconsistent with one arising out of the same facts and based on the theory of its disaffirmance.

3.  DAMAGES—*Measure of.*   In an action for breach of warranty or false representations, the damage would be the difference in the actual value of the subject of sale and the value it would have had at the time, if it had then corresponded to the warranty, or the representations had been true.

4.  TRIAL—*Causes of Action—Election.*   When a complaining party seeks to rescind a contract because of fraud, and to recover

damages; and also at the same time to affirm the contract and recover damages for a breach thereof, the failure of the court to direct an election, upon motion, is reversible error.

5.  INSTRUCTIONS—*Measure of Damages.*  An instruction as to the measure of damages, held erroneous under the facts of this case.

· 6.  DAMAGES—*Breach of Contract.*  Only such damages are recoverable for a breach of contract of warranty as are shown by the proofs to be the direct and proximate result of the breach. Apprehended damages which are merely conjectural, should be excluded from consideration.

*Error to the District Court of Weld County, Hon. George H. Bradfield, Judge.*

Mr. LOUIS B. REED, Mr. ARTHUR E. HEALEY, for plaintiffs in error.

Mr. ELBERT C. SMITH, for defendant in error.

*En banc.*

MR. JUSTICE BAILEY delivered the opinion of the court.

SUIT was by R. C. Peppers and Clyde S. Peppers, copartners, doing business as R. C. Peppers Company, against F. A. Metzler, to recover upon two promissory notes, each for $300.00, given by Metzler to the company in part payment for a tractor and plow. The case was tried to a jury. Verdict was for defendant for cancellation of the two notes, for recovery of $600.00 already paid by Metzler on the purchase price, and for $1,000.00 damages for loss of crops, with judgment accordingly. Plaintiffs bring the record here for review.

The complaint contained two separate causes of action, each on one of the promissory notes. The answer contained a general denial, and also affirmative defenses of failure of consideration, breach of warranty and fraudulent representations. Originally the answer also contained three distinct and separate counterclaims, one arising out of alleged breach of warranty, another for misrepresentation and fraud, and the third for failure of consideration, result-

ing from the averred breach and fraudulent representations.

Before trial plaintiffs moved that defendant be required to elect upon which counterclaim he would rely. This motion was overruled, and error is assigned thereon. Defendants were then permitted, over the objection of plaintiffs, to strike from each of the three counterclaims the words "further answer and." Error is also predicated upon this ruling. The third assignment is based upon the alleged improper admission of testimony offered by defendant as to damages under his several counterclaims. Certain instructions given on the measure of damages are also said to have been conflicting, erroneous and prejudicial.

The first question is whether the several counterclaims are as matter of law predicated upon inconsistent and incompatible causes of action. A counterclaim in so far as its compatibility and consistency be concerned, is a complaint to be tested as to this question by the same rules as complaints are tested. Pomeroy's Remedies, sec. 753.

The several counterclaims are upon a single set of facts, which may not be counted upon to support a cause of action for breach of warranty, and at the same time one for rescission because of misrepresentation and fraud. A breach of warranty sounds in contract, a fraud in tort. To sue for damages and rescission for misrepresentations is a denial of the contract; to sue for damages for a breach of warranty is an affirmation thereof. Upon the same facts the two cannot stand together. They are as matter of law inconsistent and conflicting causes and are not properly joined. The rule upon this subject is concisely stated in 20 C. J. 14, to-wit:

"A remedy based on the theory of the affirmance of a contract or other transaction is inconsistent with a remedy arising out of the same facts and based on the theory of its disaffirmance, or rescission, so that the election of either is an abandonment of the other."

The record shows that the counterclaims of defendant rest upon fraudulent representations and upon a breach of

warranty through failure of the implements to do the work for which warranted. If defendant seeks recovery upon fraud, as alleged, then he might recoup damages in an action brought by the plaintiffs for the purchase price; if upon breach of warranty he likewise may recoup in such action damages arising from such breach. In either case the measure of damages would be the difference between the actual value of the subject of sale, and the value it would have had at that time, if it had then corresponded to the warranty, or had the representations been true.

Defendant sought to rescind the contract because of fraud and to recover damages; and also at the same time to affirm the contract and recover damages for a breach. Manifestly he should have been required to elect upon which cause he would rely, and the failure of the court to so direct is reversible error. Had defendant been able to prove either of the affirmative defenses set up he could have recouped whatever damages he could have shown he had thereby suffered.

The court instructed the jury if they found for defendant to award him such damages as would compensate him for the loss of the use of his land for the season, being the value, as the court held, of such crops as the jury believed from the evidence defendant intended to raise and would have in fact planted, harvested and marketed. Upon no theory were such supposed damages proper for consideration. They are too remote and speculative.

Since the judgment must be reversed it ought to be carefully borne in mind by the trial court that damages are recoverable herein only when shown by the proofs to have been the direct and proximate result of the failure of plaintiffs to comply with the terms of their contract. Merely apprehended damages, such as are in their very nature purely conjectural, should be rigidly excluded from consideration.

The judgment is reversed and the cause remanded for further proceedings in harmony with the views herein expressed.