## No. 10,103.

### LEHR v. GUILD.

#### Decided May 1, 1922.

Action to recover proceeds from the sale of promissory notes. Judgment for plaintiff.

### *Reversed.*

1. NONSUIT—*Final Judgment.* Under rule 5 of this court, an unqualified judgment of nonsuit entered at the conclusion of plaintiff's testimony is as conclusive against him as though judgment for defendant had been entered after full trial.

2. REMEDIES—*Election.* A remedy based on the theory of the affirmance of a contract, is inconsistent with a remedy arising out of the same facts and based on the theory of its disaffirmance or rescission, so that the election of either is an abandonment of the other.

3. NONSUIT—*Res Adjudicata.* An unqualified judgment of nonsuit rendered after full hearing of plaintiff's claim, is a judgment on the merits of the case, and is *res adjudicata* as to all matters involved in the transaction.

*Error to the District Court of the City and County of Denver, Hon. Clarence J. Morley, Judge.*

Mr. M. W. SPAULDING, for plaintiff in error.

Mr. F. J. KNAUSS, for defendant in error.

*En banc.*

MR. JUSTICE BAILEY delivered the opinion of the court.

SUIT was by Frank H. Guild, to recover $900.00 and interest alleged to be due from Earl H. Lehr, as the proceeds from the sale of certain notes owned by Guild and alleged to have been sold by Lehr on the latter's account. The answer denied generally the facts alleged in the complaint. Also it set up a separate defense in bar of the action, alleging that prior to this suit Guild had commenced and prosecuted to final judgment another action against defendant involving the same facts and transaction. Plaintiff demurred to this defense which the court sustained. The cause was then tried upon the issues made by the general denial. Verdict and judgment were for plaintiff in the sum of $1,040.40. Defendant brings the record here on error for review.

It is admitted that the first suit, the judgment in which is relied upon by Lehr in his second defense in this case as a bar, was between the same parties and arose out of the same facts and transaction. The complaint in the former suit was in tort. It alleged that plaintiff was at all times mentioned the owner of five certain promissory notes for $500.00 each, made to his order, the payment of which was secured by deed of trust on certain land in Weld County. That prior to May, 1918, such notes and trust deed were pledged as collateral to secure a loan of $1,000.00. That defendant was and is a real estate agent and broker, in Denver; that plaintiff communicated with him regarding the sale of the notes and trust deed; that defendant, with the intent to defraud plaintiff of his equity in the notes, requested plaintiff to send him an order for their

delivery to him, upon discharge by defendant of the $1,000.00 loan for the payment of which they were pledged. That plaintiff, relying upon the honesty and good faith of defendant, sent the order accordingly, instructing the bank where the collateral was upon deposit to deliver same to defendant upon payment by him of the loan; and instructed defendant to dispose of the notes and security for a sum which would net plaintiff not less than nine hundred dollars. That pursuant to the terms of said order, defendant secured the notes and trust deed, and fraudulently converted them to his own use, to the injury and damage of plaintiff in the sum of fifteen hundred dollars, and prayed for a body judgment.

The complaint in this suit sets out that plaintiff was the owner of the notes mentioned in the former action; recites the pledge of them as security for the $1,000.00 loan, and the employment of defendant to sell the notes and trust deed at the price fixed in the first complaint. The complaint alleges the acceptance by defendant of the employment, and his promise and agreement to sell the same at a price to net plaintiff nine hundred dollars. It recites the request of defendant for an order to deliver the notes and security to him, the giving of such order, and the receipt thereof by defendant. It then alleges that defendant sold the notes and trust deed, but failed and refused to pay plaintiff anything from the purchase price thereof, or to make any accounting on the transaction.

In the first suit, after plaintiff had fully presented his case, defendant moved a nonsuit, which was allowed, solely upon the ground of the insufficiency of the evidence to support his action. The question therefore is whether the judgment thus entered was a final conclusion of the controversy so as to bar plaintiff from relief through his present suit on contract. It is manifest that, when the tort action was begun, plaintiff had a choice of remedies, either to proceed in tort or upon contract. He chose the former. When he did so that was an abandonment of any claim of the liability of the defendant on contract.

Under rule 5 of this court, an unqualified judgment of nonsuit entered after plaintiff's testimony was in, is as conclusive against him as though judgment for defendant had been entered by the court after full trial, and upon fact findings by the judge, or upon the verdict of a jury. This is the rule in general, and has the support of practically unanimous authority.

Plaintiff having elected to pursue his remedy in tort, he cannot be permitted, on the same transaction, to try the case upon the theory of contract. There is but one set of facts. There were two remedies, the one in tort, the other in contract. The rule as to election of remedies which is controlling in this case is quoted and approved in *Peppers v. Metzler*, 71 Colo. 234, 205 Pac. 945, from 20 C. J. 14, as follows:

"A remedy based on the theory of the affirmance of a contract or other transaction is inconsistent with a remedy arising out of the same facts and based on the theory of its disaffirmance, or rescission, so that the election of either· is an abandonment of the other."

For a fuller citation of authorities see *Lowe v. Howell,* 64 Colo. 100, 170 Pac. 180.

It is plain, from an examination of the pleadings in the first suit, that the agreement there alleged enjoined upon defendant certain duties, out of a breach of which a tort naturally arose. This tort might have been waived, and damages for breach of contract set up in its stead. If there was a mistake of remedy, as argued by plaintiff, in that action, it must appear from the pleadings in that case that plaintiff had no cause of action in tort. As matter of fact this is not true because the things there alleged plainly constitute a tort, if proved, for which recovery could have been had. Moreover, that record discloses that the motion for nonsuit was granted upon the insufficiency of the evidence, and not because, under the alleged facts, no tort action could have been maintained. The judgment of nonsuit, rendered after full hearing of plaintiff's claim, was a judgment on the merits of the case, and is *res adjudicata*

as to all matters involved in the transaction, and a bar to this suit.

The judgment of the trial court is reversed and the cause remanded, with directions to dismiss it.