No. 17,290.

GREEN, D.B.A. ADAMS PACKING COMPANY
*v.* HERTZ DRIVURSELF SYSTEM, INC.
(274 P. [2d] 597)

Decided October 4, 1954.

Mr. F. W. HARDING, Mr. G. E. BOATRIGHT, for plaintiff in error.

Mr. ROBERT J. ENOCHS, for defendant in error.

*En Banc.*

Mr. Justice Holland delivered the opinion of the Court.

Hertz Drivurself System, Inc., defendant in error, on September 7, 1949, was engaged, as a part of its business, in leasing trucks which it owned. On that date it leased a Chevrolet truck or van to plaintiff in error, to whom we will hereinafter refer as defendant or customer. February 8, 1950, the written lease agreement was amended as to the equipment concerned and an additional G.M.C. refrigerated van or truck was added to the contract. The execution of the contract or agreement is admitted by defendant. By the terms of the agreement, the customer was to pay a fixed rental charge of so much per week plus a minimum guarantee of 180 miles per week at a milage rate of seven cents per mile. This arrangement applied to both trucks involved. The customer used one truck until about September 1, 1950, at which time he wrote the lessor a notice of termination of the contract and returned the truck. He retained the other truck about three weeks longer. The lessor, on September 7, replied to this notice of cancellation by saying that the lessee could not cancel at this time under the terms of the written agreement. It appears that at this time the lessee or customer was in default in the payment of the rental charges and claimed that the lessor had breached the agreement by leasing the trucks to other customers who were competitors of the lessee. This was denied by the lessor. Paragraph (18) (a) of the lease agreement is as follows: "In the event Customer shall elect to cancel this agreement, then Customer agrees to purchase the vehicles then covered by this agreement and Lessor agrees to sell said vehicles to Customer, upon the basis set out in sub-section (c) hereof."

The following is paragraph (21) of the lease agreement:

"Time is of the essence of this agreement, and in the

event Customer shall be in default in any of the payments required of Customer to be made under this agreement and/or in the performance of any other covenant or covenants or condition or conditions required under this agreement to be kept or performed by Customer and such default shall continue for five (5) days after written notice thereof shall have been given by Lessor to Customer, Lessor may, at its election, refuse to deliver to Customer any of the vehicles leased under this agreement without such refusal on the part of Lessor being deemed an act of cancellation of this agreement and without prejudice to such other remedies as Lessor may have for the collection of any sum or sums due or to become due Lessor from Customer, or Lessor may terminate this agreement at any time by giving to Customer at least ten (10) days' notice in writing of its intention so to terminate this agreement. In the event of any such refusal by Lessor to deliver vehicles or the termination of this agreement by Lessor, as in this section provided, Customer shall be required to purchase all vehicles then covered by this agreement upon the basis in this agreement set out, the same as if Customer had elected to terminate this agreement in accordance with the provisions of Section (18) of this agreement."

These two sections of the lease agreement are the only parts here involved. The customer failed and refused to pay, and after notice, failed and refused to pay the purchase price of the trucks according to the agreement to that end.

November 16, 1950, the lessor, Hertz Drivurself System, Inc., filed its complaint setting up the lease service agreement by attaching same to the complaint, and alleged that under the terms of the agreement defendant, lessee and customer, was indebted to plaintiff in the sum of $767.30 for the rental of the two trucks, and further in the sum of $4,376.56 for the purchase price of the trucks under the terms of the agreement; further that the trucks were in the possession of plaintiff lessor and

that it was ready to deliver same to defendant upon payment of the above alleged purchase price.

Defendant answered, denying indebtedness, on account of the breach of the contract by the lessor, and set up violation of the terms of the agreement as an affirmative defense, in that, the lessor had rented and leased to other parties the trucks; set up a counterclaim in the sum of $1,000.00, as damages on account of certain refrigeration which defendant had installed in the trucks; and alleged that plaintiff had converted the refrigeration to its own use after demand had been made on plaintiff to return this equipment to defendant. Plaintiff answered the counterclaim by admitting that it was necessary to install the refrigeration equipment and that the trucks containing the equipment were in plaintiff's possession, but denied the amount of the cost of the refrigeration and denied that a demand for its return had been made.

The case was tried and submitted to a jury on the question of damages; a verdict was returned in plaintiff's favor in the sum of $2,767.30, and the jury also found the issues joined in plaintiff's favor on defendant's counterclaim. Appropriate judgment was duly entered.

The lease agreement is a most peculiar document and various questions could easily arise thereunder, and did arise in the course of this trial; however, we see no good reason to further detail the evidence or discuss the different and varied rights of the parties under the agreement, other than to consider the error of the trial court in submitting the case to the jury on the question of damages when the original complaint was for the purchase price of the trucks according to the agreement in addition to the undisputed amount due for rental thereof.

Plaintiff presented its case by evidence sufficient to make a prima facie case in support of the complaint and announced that it rested. The trial court then discussed the situation with plaintiff's counsel and asked counsel to withdraw his statement that he had rested the case and permitted counsel to have an overnight study of how

to further proceed in accordance with the court's suggestion. On the following morning, over the objection of defendant, counsel for plaintiff filed an amended alternative complaint asking damages in the sum of $2000.00. Plaintiff elected to stand on the trial amendment, and over the objection of defendant on the ground that it came too late and that once plaintiff had elected its remedy it could not thereafter alter its claim for relief. The case went to the jury on the question of damages and the above noted verdict was the result. A motion for new trial was filed based upon the alleged various irregularities, which was overruled, and in overruling the motion the trial court made the following statement: "From the evidence introduced, by permitting the amendment, because the Court now feels it was wrong, that it could have submitted to the jury solely the question of the purchase price that the parties were entitled to and as alleged in the complaint in the sum of $4,376.56, that in reality by reducing the damages which the plaintiff claimed only in the sum of $2,000.00 that the defendant actually gained through the ruling of the Court. Accordingly the Motion for a New Trial will be denied."

A careful reading of the testimony discloses that plaintiff, the lessor, had not breached the contract as alleged by defendant; it stood ready at all times to go forward according to the terms of the contract. It is abundantly clear that defendant had defaulted and made an ineffective attempt to cancel the contract while in default and without sufficient grounds therefor; refused to purchase the trucks according to the terms of the agreement; and plaintiff was left with a choice of remedies; was put to an election; and on such election sought to recover the purchase price of the trucks by its original complaint. Having the trucks in its possession and ready for delivery as alleged in the original complaint, it cannot pursue two inconsistent remedies. Here, with the court's permission, it filed what is captioned as a "Trial Amendment" containing an alternative count to the ef-

fect that in the event it should be decided that plaintiff was not entitled to recover the purchase price of the trucks as prayed for in the complaint, then it is entitled to recover the rentals and $2,000.00 damages, being the difference between the agreed price in the contract and the reasonable market value of the trucks at the time defendant should have paid the agreed purchase price. It was called upon to treat the contract as terminated and recover damage for a breach thereof, or consider the contract as existing and in full force and sue for the contract or purchase price; it could not properly try to stand on both at the same time as was here attempted and erroneously permitted by the trial court. The motion for new trial should have been granted.

The judgment is reversed and the cause remanded with direction to set aside the verdict and grant a new trial on the original complaint and counterclaim.