No. 17,421.

CELESTA JOHNSON HOLSCHER, AS ADMINISTRATRIX, ET AL.
*v.* CHARLES N. FERRY.
(280 P. [2d] 655)

Decided February 28, 1955.   Rehearing denied March 21, 1955.

Mr. KENNETH W. ROBINSON, Mr. ROBERT D. CHARLTON, Mr. RICHARD L. SCHREPFERMAN, for plaintiffs in error.

Mr. RICHARD H. SIMON, Mr. RICHARD N. GRAHAM, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

DEFENDANT in error was plaintiff in the trial court and plaintiffs in error were defendants in an action to rescind a contract between Charles N. Ferry and Paul F. Holscher, who was deceased at the time the action was commenced. We will for convenience refer to plaintiff as Ferry and the defendants (who are the administratrix of the Holscher estate and the heirs of said decedent) as the estate. The trial court entered judgment in favor of Ferry and decreed a rescission of the contract. The estate brings the cause here by writ of error.

The facts were stipulated. Prior to May 23, 1952 Ferry was an active partner in a construction firm known as Winslow & Associates Construction Co. For some time prior thereto Paul F. Holscher was employed by said partnership. For personal reasons Ferry desired to leave the construction business, and after consulting with his other partners, conferred with Paul F. Holscher in regard to the latter's purchase of Ferry's interest in said partnership. A sale was agreed upon and an agreement, dated May 23, 1952, was executed and approved by the other partners. The deceased Paul F. Holscher is referred to as Paul Holscher in the agreement, which in substance is as follows:

"Witnesseth: That in consideration of the convenants herein and the execution and payment of four (4) promissory notes in aggregate amount of $20,000.00, the receipt of which is hereby acknowledged, CHARLES N. FERRY hereby grants, bargains and sells to PAUL HOLSCHER, all of his interest in and to the firm of WINSLOW & ASSOCIATES CONSTRUCTION CO.,

* * * to have and to hold said goods, chattels and interest unto the said PAUL HOLSCHER, his heirs, executors, administrators and assigns for his own use forever." The agreement further provided: "that any transfer of any interests of PAUL HOLSCHER in or to the firm of WINSLOW & ASSOCIATES CONSTRUCTION CO., on or before September 1, 1955, will not be made without the written approval of CHARLES N. FERRY, his heirs or assigns, or, in the alternative, full payment of the remainder of the four (4) promissory notes signed this date by the said PAUL HOLSCHER."

Mr. Holscher died July 10, 1952, and none of the notes had been paid. The complaint in the instant action was filed February 11, 1953 and alleged that Mr. Holscher's estate had insufficient funds to "meet the claims of all creditors; that if the agreement as set forth herein is permitted to stand, the partnership interest will be sold by representatives of the estate for an amount far less than the $20,000.00 agreed upon between the parties; that because of the insolvency of the estate, other creditors will have priority to and equal shares with plaintiff in and to the proceeds of any sale of the interest" of Mr. Holscher in and to the Winslow partnership. It further was alleged "That it is inequitable to permit the heirs and creditors of Holscher to benefit from an agreement made by him for which he paid no actual consideration and upon which plaintiff would be forced to accept only a very small percentage of the agreed consideration." Plaintiff tendered a return of the notes and prayed for a cancellation and rescission of the agreement "and the transfer made pursuant thereto." Ferry's demand for rescission was made on January 28, 1953. A motion to dismiss the complaint was denied. By answer, the estate admitted the contract; alleged that the estate of Mr. Holscher was being administered in the county court of Arapahoe County, Colorado; that decedent's interest in said partnership was inventoried in said estate, and by court order had been appraised as of the value of

$12,000; that on August 28, 1952 Ferry filed in said estate his claim on all of the notes set forth in the complaint and later attached said notes thereto, and that the claim had been allowed by the county court; that the transaction beween decedent Holscher and Ferry "was a fully executed transaction and completed on the 23rd day of May, 1952." The answer further set forth that Ferry was estopped to rescind the contract, and that the only relationship between Ferry and Holscher was that of creditor and debtor; that by his election to proceed in the county court on the notes, Ferry "is now forever barred from prosecuting the action set out in his complaint." A motion for summary judgment, filed by counsel for the estate, was denied.

The trial court found "that there was a breach of a dependent covenant (the payment) and that the deceased party to the contract will never be able to perform that covenant." He also said: "equity and good conscience could not and should not stamp approval on such a contract."

█ In the instant case, Ferry by filing his claim for $20,000, based on the notes, affirmed the contract and waived his right to rescind, especially as he never withdrew this claim, and it was allowed. The notes were filed in support of the claim and were within the jurisdiction of the county court where the Holscher estate was pending. They were merged in the judgment of that court when the claim was allowed. *Hiller v. Matheny,* 81 Colo. 459, 256 Pac. 10.

█ A remedy based on the theory of an affirmance of the contract is inconsistent with a remedy arising out of the same facts based on the theory of its disaffirmance or rescission, so that the election of either must be an abandonment of the other. It is the inconsistency of the demands that makes the election of one remedial right an estoppel against the assertion of the other, and not the fact that the forms of action are different.

Here, the interest in the partnership was sold for

$20,000; the identical property was appraised in the estate at $12,000 and by stipulation the parties agree that the best offer made to the administratrix for the same property was $6,500.

The bar is not effective and there is no estoppel where the party in selecting his legal or equitable remedy acts in ignorance of the facts, or where both are predicated on the affirmance or on the disaffirmance of a contract. An inconsistency between the legal and the equitable remedy exists where one proceeds in affirmance and the other in disaffirmance of the contract upon which the suits are based or where relief in one suit is predicated on title in the plaintiff and in the other on title in defendant. *Frederickson v. Nye,* 110 Ohio St. 459, 144 N.E. 299. See, also, 18 Am. Jur. p. 152.

In *Ballou v. First National Bank of Colorado Springs,* 98 Colo. 101, 53 P. (2d) 592, we said: "Under the facts, if it can be said that plaintiff had a right to recover, it was either by an action in law or a suit in equity. Here she pursued both. She could have but one recovery. If she recovered on her claims against the estate in the county court for the property and services rendered, then her right to specific performance, based on the same consideration, ended."

Where a party has alternative remedies of rescission and of damages for breach, he must elect which remedy he will base his action upon. *Lowe v. Howell,* 64 Colo. 100, 170 Pac. 180; *Peppers v. Metzler,* 71 Colo. 234, 205 Pac. 945. "It is a well settled rule of law that when a party has an election to rescind an entire contract, he must rescind it wholly or in no part. He cannot consider it void for one purpose, and at the same time in force for the purposes of recovering damages. [citing cases] If a party, having the right to rescind a contract, does any act which amounts to an admission of the existence of the contract, he cannot afterwards elect to treat it as void." *Auld v. Travis,* 5 Colo. App. 535. A party

cannot rescind and at the same time retain a benefit under the contract.

The rule in *Auld v. Travis,* supra, was declared to be "firmly established in this jurisdiction" in *Wark v. Bopp,* 119 Colo. 12, 199 P. (2d) 892.

By filing his claim in the county court Ferry affirmed the contract and at the same time elected the remedy he wished to pursue. Having done so, he is barred from suing in the district court for rescission. As we read the brief of counsel for Ferry, he relied on his claim in the county court for protection against an adverse judgment in his action for rescission. This is precisely what he cannot do. He must choose his remedy; he must affirm or disaffirm the contract, but he cannot do both. *George W. Green v. Hertz Drivurself System, Inc. of Colorado,* 130 Colo. 238, 274 P. (2d) 597, decided October 4, 1954.

Once a claim has been filed in the county court, no other court should act upon that claim, or upon the subject matter thereof, until final determination by the county court. *Colorado National Bank, Adm'r v. McCue,* 80 Colo. 55, 249 Pac. 3; *McKenzie v. Crook, Executor,* 110 Colo. 29, 129 P. (2d) 906.

The facts in *Colorado National Bank v. McCue,* supra, are in many particulars like those in the instant case. We there said: "When the plaintiff as the law authorizes, filed in the county court in the estate proceeding her claim based upon the property settlement contract the county court thereupon obtained jurisdiction to determine it. And when the fact was made to appear here, as it was by the complaint itself, plaintiff should not have been permitted further to proceed herein with her foreclosure. * * * The county court having obtained jurisdiction upon the filing of the claim, retains that jurisdiction, and was not ousted by the district court's decree in this action, brought as it was after the jurisdiction of the county court had attached. * * * The district court also had jurisdiction of the subject matter of

the contract itself, but erroneously exercised it, when it should have withheld its hand, when it appeared in the complaint that the plaintiff herself had previously submitted her claims to the determination of the county court."

In *Robertson v. Robertson,* 43 Nev. 50, 180 Pac. 122, the husband and wife had entered into a contract whereby he agreed to pay her a specified sum in consideration of her agreement not to demand a division of property, suit money, etc., in a divorce action brought by the husband. The husband secured a decree of divorce in an action in which the wife did not appear. She later filed a motion to set aside the decree of divorce and asked for a division of property. No action was had on this motion and the wife instituted an action on the contract. It was there held that the remedy sought in the divorce action and the suit on the contract were inconsistent "and the appellant by electing to pursue the latter [remedy in the divorce case] cannot now maintain an action on the contract. In the one she seeks a division of the community property, and in the other to recover the unpaid portion of the $3,000 which she agreed to receive for her interest * * *. She is not entitled to both." It was further stated by the court: "The conclusiveness of her election does not depend upon the chances of success that may attend her suit, but upon the fact that she has resorted to a remedy which is inconsistent with the one she now seeks to maintain, and has made such election with full knowledge of the facts in each case * * * by renouncing her claims under the contract in electing to pursue her remedy in the divorce proceeding [the wife] released respondent from all of his covenants."

In *Cook v. Covey-Ballard Motor Co.,* 69 Utah 161, 253 Pac. 196 it was held that failure to secure satisfaction by means of remedy adopted furnishes no legal reason to permit a party to resort to another inconsistent remedy which was open to him at the time. In this case, the

court said: "The doctrine of election rests upon the principle that one may not take contrary positions, and where he has a right to choose one of two modes of redress, and the two are so inconsistent that the assertion of one involves a negation or repudiation of the other, the deliberate and settled choice of one, with knowledge or means of knowledge of such facts as would authorize a resort to each, will preclude him thereafter from going back and electing again. *Thompson v. Howard,* 31 Mich. 309."

We must, therefore, hold that under this record Ferry irrecovably chose his remedy and he is bound by the election thus made. Holding, as we do, that Ferry was, under this record, barred from maintaining his suit for rescission, we need not pass upon the contention of plaintiffs in error that the complaint in the instant action and the stipulated facts did not support a suit for rescission.

The judgment of the trial court is reversed, the cause remanded with direction to enter judgment dismissing plaintiff's complaint.