MERCHANTS MORTGAGE & TRUST CORPORATION, a Colorado corporation, Plaintiff-Appellee,

v.

Thomas S. DAWE and Ila Mae Dawe, Defendants-Appellants.

No. 82CA0230.

Colorado Court of Appeals, Div. I.

Nov. 12, 1982.

Rehearing Denied Dec. 16, 1982.

Certiorari Granted March 7, 1983.

Davis, Moorhead & Ceriani, P.C., Luther K. Branting, Gary J. Ceriani, Denver, for plaintiff-appellee.

French & Stone, P.C., Robert W. Stone, Boulder, for defendants-appellants.

KELLY, Judge.

The trial court granted summary judgment in favor of Merchants Mortgage & Trust Corporation awarding the unpaid balance of a promissory note executed by defendants, Mr. and Mrs. Dawe. The Dawes argue that the trial court erred in ruling that their right to rescind the land transaction was precluded by the three-year limitation provision in the Federal Truth in Lending Act, 15 U.S.C. § 1635(f). We affirm.

The Dawes signed a land sale agreement and a promissory note on September 29, 1973, for the purchase of a lot at Stagecoach, a development of the Woodmoor Corporation. The promissory note was later assigned to Merchants. It was stipulated by the parties that the transaction was consummated between September 29 and October 4, 1973.

■ The Federal Truth in Lending Act requires that a creditor in any transaction in which a security interest is acquired in real property disclose to the debtor the debtor's right to rescind the transaction any time prior to "midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section ... whichever is later." 15 U.S.C. § 1635(a). Failure to comply with the Act confers a right of rescission. *Pearson v. Colonial Financial Service, Inc.,* 526 F.Supp. 470 (M.D.Ala.1981). It is undisputed that the notice of their right to rescind which was sent to the Dawes was defective because it misidentified the last day the right of rescission could be exercised.

Effective October 28, 1974, Congress enacted 15 U.S.C. § 1635(f), a three-year statute of limitations on suits to rescind. The Dawes gave notice to Merchants of their intention to rescind on June 4, 1980, more than three years after enactment of Section 1635(f).

The Dawes argue that substantive rights accruing before the effective date of the amendment are not barred by the three-year limitation period. We disagree.

The statute in question, 15 U.S.C. § 1635(f), states:

"An obligor's right of rescission shall *expire* three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor...." (emphasis added)

The parties do not argue the applicability of Colorado case law dealing with the retrospective application of statutes of limitation; neither do we find it to be pertinent to the provisions of 15 U.S.C. § 1635(f). And, as the trial court correctly observed, none of the federal cases interpreting the statutory provisions arose in such a factual setting as this case.

 Here, the parties initiated their right of rescission more than three years after the consummation of the transaction and more than three years after the effective date of the amendment. If debtors who have a claim for relief which accrued prior to the effective date of the amendment were allowed to have an unlimited right to rescind, the use of the word "expire" in the amendment would be meaningless. And, although the right to rescind is of singular importance, *see Davis v. Federal Deposit Insurance Corp.,* 620 F.2d 489 (5th Cir.1980), the three-year limitation on a debtor's right to rescind constitutes Congressional recognition that this right should not be unlimited in time. Hence, we conclude that the three-year limitation is applicable to transactions consummated prior to the amendment, but the effective date of the amendment, October 28, 1974, commences the running of the three-year period for those prior transactions. *See James v. Home Construction Co. of Mobile, Inc.,* 621 F.2d 727 (5th Cir.1980); *Clemmer v. Liberty Financial Planning, Inc.,* 467 F.Supp. 272 (W.D.N.C.1979). Thus, because the Dawes did not exercise their right to rescind before October 28, 1977, their right to rescind is barred.

The Dawes alternatively argue the limitation period to be inapplicable because the rescission claim is a defense in the nature of recoupment. While recoupment may be available under some circumstances, the defense here asserted is not in the nature of recoupment. The right to recoup defends on the existence of the contract, *Riverside Park Realty Co. v. Federal Deposit Insurance Corp.,* 465 F.Supp. 305 (M.D. Tenn.1978), while rescission is based upon its disaffirmation. Accordingly, a remedy based on the affirmance of the contract is inconsistent with rescission. *Holscher v. Ferry,* 131 Colo. 190, 280 P.2d 655 (1955).

Because the claim for relief is barred, we need not reach the other assignments of error.

Judgment affirmed.

COYTE and TURSI, JJ., concur.