In the Matter of Ralph Eugene **FORD**
a/k/a Bill Ford,

and

Mrs. Dovie C. (Curtis) **FORD, Plaintiffs,**

v.

**J.E. DARRACOTT, Defendant.**

Old Bankruptcy No. 80–00118G.
New Bankruptcy No. 81–0094G.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Dec. 8, 1983.

Troy R. Millikan, Gainesville, Ga., for plaintiffs.

Daniel J. Sammons, Thompson, Fox & Hardman, Gainesville, Ga., for defendant.

## OPINION

WILLIAM L. NORTON, Jr., Bankruptcy Judge.

Plaintiff-debtors in this adversary proceeding have requested a determination that certain debts, discharged as a result of a Chapter 7 bankruptcy, could not continue to give rise to a cause of action filed as a counterclaim by defendant-creditor. While this Court holds that the discharge of debts under Chapter 7 of the Bankruptcy Reform Act prohibits the creditor from engaging in collection efforts or seeking a judgment on those debts against the debtors in any later action, such debts may be used by the creditor defensively as a setoff of his liability to the debtors in response to a suit filed by the debtors.

## FINDINGS OF FACT

The following facts are not in dispute:

1. In January of 1980, the parties had entered into a contract for the sale of certain real estate located in Hall County, Georgia;

2. On August 28, 1980, plaintiff-debtors filed a joint Chapter 7 bankruptcy petition;

3. Creditors were notified that the Chapter 7 was a no-asset case;

4. Defendant was scheduled by the debtor as a creditor with a disputed claim in the amount of $34,900.00;

5. The debtors listed as exempt property a $5,000.00 interest in the real property which was the subject of the real estate contract between the parties;

6. In December of 1980, debtors filed suit in the Superior Court of Hall County against defendant-creditor, alleging a cause of action which arose from the January 1980 real estate transaction;

7. On January 21, 1981, the creditor filed with the Superior Court of Hall County his "Defenses, Answer and Counterclaim" in response to defendants' complaint;

8. On January 30, 1981, the debtors received a discharge pursuant to 11 U.S.C. § 727;

9. On July 7, 1981, debtors reopened their case and filed this adversary proceeding on July 9, 1981, for a determination that the debts on which defendant-creditor counterclaimed had been discharged and, consequently, prevented the creditor from proceeding on those claims.

## DISCUSSION

The dispute presently before this Court appears to have arisen in part from a misunderstanding of bankruptcy law and procedures and a misunderstanding of the nature of the relief requested by defendant-creditor. This Court agrees that a debt, discharged in a case under Chapter 7 of Title 11 of the U.S.Code, cannot later be the origin of an enforceable judgment against the debtor or the basis of other collection efforts against the debtor. 11 U.S.C. § 524. In the instant circumstances, the defendant-creditor made no attempt to collect or to secure a judgment against the debtors based on the discharged debts until the plaintiff-debtors instituted a suit in Superior Court against the defendant-creditor based upon the real estate transaction which gave rise to both parties' claims. In the Superior Court suit, which the debtors filed after filing their bankruptcy petition but before receiving their discharges, the creditor responded to the complaint against him in a pleading captioned as "Defenses, Answers and Counterclaim."

This Court reiterates that to the extent defendant-creditor's pleading is a counterclaim upon which the defendant creditor might obtain a judgment that would exceed plaintiff-debtors' claim, the defendant-creditor is prevented by the discharge from collecting any such excess affirmative relief. To the extent, then, that the label "counterclaim" implies affirmative relief against the debtors for the creditor arising from the debtors' previously discharged debts, it is prohibited by the Code. To the

extent in the instant case that the creditors' counterclaim should be read as a defense rather than a counterclaim, such treatment is sanctioned by Fed.R.Civ.P. 8(c).[1]

### The Debtors' Argument: Defendant-Creditor's Waiver

The debtors have supported their position by arguing that the creditor's failure to have filed a proof of claim during the administration of the case, the creditor's failure to have contested the $5,000.00 exemption in the subject real property, and the creditor's failure to have filed an objection to the debtors' discharge, together constitute a waiver of the creditor's right to defend himself by way of setoff in the state court action on the debtors' claims arising from the real estate transaction. This position misunderstands bankruptcy law and procedure.

The form-notice regarding the Section 341 meeting of creditors that each creditor received as a consequence of being listed in the debtors' Chapter 7 schedules contained the information that the debtors' Chapter 7 was a "no-asset" case and that it was unnecessary for any creditor to file a claim at the time. In no asset cases, it is unnecessary to file claims until another notice provides that assets have been marshaled by the trustee for distribution. Authority for content of the form can be found by looking to § 501 of the Code and the accompanying legislative history. S.Rep. No. 598, 95th Cong., 2d Sess., 351–52 (1978), U.S.Code Cong. & Admin.News 1978, 5787. See also *In re Fulghum Const. Corp.*, 23 B.R. 147, 152–53 (Bkrtcy.MD Tenn, 1982).

### Section 553 Requirements

The defendant-creditor's use of the setoff provision of § 553 of the Code to defend himself against the debtors' suit depends on whether he can meet its criteria. There is no argument by the debtors as to the applicability of the general setoff provision of § 553 or its enumerated exceptions. The

---

1. The Court notes that defendant-creditor's brief describes the counterclaim as "strictly for

the purpose of abating or reducing plaintiff's claim against him accordingly."

creditor's argument notes that setoff is an approved procedure pursuant to § 553. The relevant language that sets forth the criteria states:

(a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement. of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case....

Contrary to the debtors' argument, § 553 does not require that the creditor have filed a proof of claim, contested an exemption, or objected to the dischargeability of a debt in order for the creditor to use the setoff provision. Section 553 does require that there be mutual debts between the debtor and creditor which arose prior to the debtor filing a bankruptcy petition. Where such debts exist and where none of the exceptions are triggered "*this title does not affect any right of a creditor to offset a mutual debt ....*" (Emphasis supplied).

In the instant case, the origin of the causes of action of the parties was a real estate transaction entered into in January of 1980, prior to the bankruptcy filing. The pre-petition mutuality is present. Section 553 would appear to allow the creditor to offset the debtors' claims.

## § 524(a)(2)

The resolution of the applicability of § 553 in favor of the creditor requires a review of the impact of § 524(a)(2). The relevant language of § 524 states:

(a) a discharge in a case under this title—

(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or any act, to collect, recover *or offset any such debt as a personal liability of the debtor, or from property of the debtor,* whether or not discharge of such debt is waived...." (Emphasis supplied).

Bankruptcy Courts have not uniformly interpreted the impact of this language on the creditor's rights under § 553 against a debtor. In the context of an adversary proceeding involving a truth-in-lending claim instituted by the debtor against creditor hospital and creditor bank, a Bankruptcy Court found that the language of § 524(a)(2) prevented "not only an affirmative recovery of a debt discharged in bankruptcy, but also the setoff of a discharged debt against a post-petition judgment." *In re Johnson (Johnson v. Rutherford Hospital),* 13 B.R. 185, 188–89 (Bkrtcy.MD Tenn, 1981). Addressing directly the *Johnson* court's decision on this issue, the Bankruptcy Court in *In re Slaw Construction Corp. (Slaw Construction Corporation v. Hughes Foulkrod Construction Company),* 17 B.R. 744 (Bkrtcy.ED Penn, 1982), concluded that such an interpretation of the impact of § 524(a)(2) on § 553 was incorrect. The *Johnson* interpretation would result in an inequitable advantage being given to the debtor. It would permit the debtor to prevent a creditor from effecting a setoff by waiting to file suit on a pre-petition transaction until after the debtor had filed a petition for relief. The *Slaw Construction* Court held that the proper interpretation would allow a setoff of mutual debts which arose before bankruptcy, *regardless of when suit was instituted. Id.* at 748. "This would, thus, allow a creditor to raise a discharged debt as a defense to an action brought by the debtor." *Id.*

This Court recognizes, as the court in *Slaw Construction* did, that there is some tension between the language of § 524(a)(2) and § 553. *Id.* The *Johnson* Court emphasized the injunctive power available to the debtor under § 524(a)(2) over § 553, interpreting the sections to mean the creditor's right to setoff, under any circumstances, was completely terminated by a discharge of the debtor's debt. This Court finds the *Slaw Construction* Court's reasoning to be the more persuasive. Noting the inconsistency between the two Code sections, the Court stated: "[a]lthough this would seem to be inconsistent with the language of § 524(a)(2) which prohibits the use of a discharged debt as a setoff, § 553(a) of the

Code states that the right of setoff is preserved notwithstanding any other section of the Code except for certain limited exceptions." (Citation omitted). *Id.* at 748. The debtor's ability to invoke the injunctive power of § 524(a)(2) to preclude the creditor's use of § 553 may be limited in circumstances where the debtor institutes suit against the creditor on a cause of action which arose from the same transaction as the creditor's claim against the debtor. In these circumstances where the creditor's use of § 553 is defensive, the spirit of § 524(a)(2), "to eliminate any doubt concerning the effect of the discharge as a *total prohibition on debt collection efforts*" is not violated. (Emphasis supplied). S.Rep. No. 598, 95th Cong., 2d Sess. 80 (1978),[2] U.S.Code Cong. & Admin.News 1978, 5866.

For the reasons set forth above, this Court holds that the debts previously discharged pursuant to § 727 of the Code prohibit the creditor from engaging in collection efforts or seeking a judgment on those debts against the debtors in any post discharge action, but where suit is brought by the debtors against the creditor, pre-petition claims of the creditor may be used to defend himself in the suit.

---

2. *See also In re McGraw*, 18 B.R. 140 (Bkrtcy.WD Wis, 1982) The court held that the statutory language itself limits the scope of the § 524 injunction: "The injunction is only required when the continuance of a civil suit will result in efforts to collect from the debtor or his property a judgment award. Because the plaintiffs have agreed to seek no enforcement against him, neither McGraw [the debtor] nor his property is in any jeopardy due to the continuation of the suit." *Id.* at 143.