Mario T. ARGUELLES and Merian P. Arguelles, Plaintiffs–Appellants and Cross–Appellees,

v.

Reece E. RIDGEWAY, Defendant–Appellee and Cross–Appellant.

No. 89CA2046.

Colorado Court of Appeals, Div. IV.

Aug. 15, 1991.

Rehearing Denied Sept. 26, 1991.

Certiorari Denied March 23, 1992.

Bell & Pollack, P.C., A. Gary Bell, Jr., Jeffrey W. Ludwig, Littleton, for plaintiffs-appellants and cross-appellees.

Law Offices of Richard L. Ott and Luann Ott Jilot, Richard L. Ott, Luann Ott Jilot, Denver, Nichols, Douglas, Kelley & Arfman, Richard A. Douglas, Scottsbluff, Neb., for defendant-appellee and cross-appellant.

Opinion by Judge ROTHENBERG.

Plaintiffs, Mario T. and Merian P. Arguelles (the Arguelleses), appeal from the ruling of the trial court allowing defendant, Reese Ridgeway, a complete setoff against the Arguelleses' judgment. Ridgeway cross-appeals the trial court's judgment allowing the Arguelleses interest on their original judgment. We affirm in part, reverse in part, and remand with directions.

In 1981, the Arguelleses entered into a real estate contract to purchase a motel from Ridgeway. Pursuant to the sale, they executed a $245,000 promissory note payable to Ridgeway secured by a deed of trust on the motel property and also conveyed certain real property to Ridgeway for which they received a $50,000 credit.

After the Arguelleses took possession of the motel, they discovered that Ridgeway, along with the real estate agent, E.A. Celano, and the realty company, Century 21 Key, Inc. (Century 21), had misrepresented and concealed material information about the motel. In January 1984, they sued Ridgeway, Celano, and Century 21 for misrepresentation, concealment, and breach of contract. The Arguelleses also failed to make payments due under the note, and Ridgeway then foreclosed on the motel property. In September 1984, Ridgeway obtained a $48,011.28 deficiency judgment on the note.

In November 1984, the Arguelleses filed a Chapter 13 Bankruptcy. Their original petition in bankruptcy failed to list the lawsuit against defendants as an asset. In March 1985, Ridgeway filed a proof of claim in the bankruptcy proceeding for the amount of his deficiency judgment, and in June 1985, the Arguelleses amended their Chapter 13 petition to include the lawsuit as a potential asset. Ridgeway ultimately received $2,160.06 under the Arguelleses' Chapter 13 Plan. The Arguelleses were discharged from bankruptcy in January 1988.

In August 1989, the Arguelleses' claims against defendants were tried in district court. The jury returned a $34,000 verdict in their favor against Ridgeway and a $94,000 verdict in their favor against Celano and Century 21. On August 16, 1989, the clerk entered the judgments in the registry of actions.

On August 30, 1989, Ridgeway filed a motion to amend the judgment to setoff his $48,011.28 deficiency judgment against the Arguelleses' $34,000 judgment. Thereafter, the Arguelleses filed a motion to amend their judgment to add pre-judgment interest. On September 22, 1989, the court granted the Argulleses an additional seven days to respond to Ridgeway's motion and an additional two days to reply to Ridgeway's response to their motion.

On November 1, 1989, sixty-two days after the filing of the post-judgment motions, the court granted the Arguelleses' motion to amend judgment and Ridgeway's motion for setoff. Since Ridgeway's judgment against the Arguelleses was larger than their judgment against him, the trial court amended the original judgment against Ridgeway to read "zero dollars."

In December 1989, the trial court amended its earlier award of costs and awarded total costs to the Arguelleses. Ridgeway then filed a second motion to amend the judgment to setoff his deficiency judgment against those costs, and that motion was also granted. Thus, the court amended the final judgment for costs against Ridgeway from $3,351.81 to "zero dollars."

### I.

### TIMELINESS OF POST–JUDGMENT MOTIONS

■ Initially, we address the procedural problem of whether the trial court's orders which were entered more than 60 days after the filing of post-judgment motions were invalid. We conclude that such orders were void since the trial court no longer had jurisdiction.

C.R.C.P. 59(j) states:

"The court shall determine any post-trial motion *within sixty days of the date of* *the filing of the motion. Where there* *are multiple motions for post-trial re-* *lief, the time for determination shall* *commence on the date of filing of the* *last of such motions.* Any post-trial motion which has not been decided within the sixty day determination period shall, without further action by the court, be deemed denied for all purposes...." (emphasis added)

The language of C.R.C.P. 59(j) is mandatory and provides that the district court shall rule within sixty days or the motion shall be automatically denied. A court loses jurisdiction when it fails to rule on a motion within sixty days. *See Canton Oil Corp. v. District Court,* 731 P.2d 687 (Colo.1987).

■ Ridgeway contends that since the trial court granted the Arguelleses an additional nine days to respond to the motions, the court's jurisdiction was extended an additional nine days. However, C.R.C.P. 59(j) specifically provides that the sixty-day period runs from the date the last motion is filed; the time period is not extended when a court grants a party additional time to respond to the opposing party's briefs. *See Canton Oil Corp. v. District Court, supra.*

■ Thus, under the plain language of C.R.C.P. 59(j), the sixty days lapsed on October 30, 1989, and the trial court lacked jurisdiction to rule after that date. Accordingly, the parties' motions were deemed denied on October 30, and the court's November 1, 1989, orders were invalid.

### II.

### RIDGEWAY'S ENTITLEMENT TO A SETOFF

Although Ridgeway's motion must be deemed denied for procedural reasons, on cross-appeal, he maintains that he was entitled to the setoff. Therefore, we address the merits of his claim. Upon so doing, we conclude that a setoff was not warranted and, thus, affirm the judgment as entered on August 16, 1989.

### A.

The first issue presented is whether Ridgeway's setoff is barred by 11 U.S.C. § 1327(a) (1988) because he accepted the payment of $2,160.06 under the bankruptcy plan. We conclude that it was not.

The statute at issue, 11 U.S.C.A. § 1327(a), provides:

"The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim with such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan."

Also, 11 U.S.C. § 524(a)(2) (1988) provides in pertinent part:

"A discharge in a case under this title ... operates as an injunction against the commencement or continuation of an action, the employment of process, or any act to collect, recover, or *offset* any such debt as a personal liability of the debtor...." (emphasis added)

These Bankruptcy Code sections do support plaintiffs' contention that the setoff is barred. However, as the trial court correctly noted, the above provisions must be considered along with a third code section relied upon by Ridgeway. That code section, 11 U.S.C. § 553(a) (1988), provides:

"Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case...."

Thus, except in limited circumstances inapplicable to Ridgeway, 11 U.S.C. § 553(a) preserves the right of setoff *notwithstanding any other section of the Bankruptcy Code. See In re Slaw Construction Corp.*, 17 B.R. 744 (Bankr.E.D.Pa.1982).

### B.

Plaintiffs assert, however, that a setoff for Ridgeway is barred under the holding in *In re Johnson,* 13 B.R. 185 (Bankr. M.D.Tenn.1981). Again, we disagree.

In *Johnson,* the bankruptcy court interpreted 11 U.S.C. § 524(a)(2) and § 553 to mean that the discharge of a debtor's debt terminates a creditor's right to setoff under all circumstances.

However, several jurisdictions have expressly refused to follow *Johnson.* They have agreed that a creditor such as Ridgeway may not *initiate* a suit against the bankrupt party to enforce a judgment that was wiped out in bankruptcy, but they have held that if the bankrupt party initiates a lawsuit against the creditor, the creditor may use his or her judgment defensively as a setoff. *See In re Ford,* 35 B.R. 277 (Bankr.N.D.Ga.1983) (creditors may not engage in collection efforts or seek a judgment on debts against a debtor in a post-discharge action, but if suit is brought against the creditor, the creditor may use his pre-petition claims to defend himself in a suit). *See also In re Slaw Construction Corp., supra* (while discharge bars affirmative recovery, it does not bar the use of setoff as a defense to a pre-petition claim).

Here, as in *Ford* and *Slaw,* Ridgeway did not initiate an action against the plaintiffs to collect on the default judgment; rather, he used his default judgment as a setoff against their judgment. Under these circumstances, we conclude that Ridgeway may assert his right to setoff under 11 U.S.C.A. § 553(a), notwithstanding other sections of the bankruptcy code which suggest otherwise.

### C.

The above analysis addresses Ridgeway's right to assert a setoff within the confines of the Bankruptcy Code; however, the right to claim a setoff does not necessarily mean it must be granted, and here, we agree with plaintiffs that Ridgeway should be denied a setoff by general equitable principals.

Although 11 U.S.C. § 553(a) refers to a right of setoff, the case law has interpreted this as merely permissive and within the equitable discretion of the trial court. *See*

*In re Southern Industrial Banking Corp.*, 809 F.2d 329 (6th Cir.1987).

Setoff is an equitable defense, and thus, the following equitable principles govern. A party who seeks equity must do equity, *Golden Press, Inc. v. Rylands*, 124 Colo. 122, 235 P.2d 592 (1951), and a party may not take advantage of his or her own wrongful acts. *Toll v. McKenzie*, 88 Colo. 582, 299 P. 14 (1931). A court will not lend its equitable aid to a party who is guilty of fraudulent or unconscionable conduct relating to the litigation. *Jameson v. Foster*, 646 P.2d 955 (Colo.App.1982). *See also McKay v. Weager*, 134 N.Y.S. 66 (N.Y. 1911) (a claim cannot be used as a setoff where the transaction out of which it arose was fraudulent); *Roberts v. Sears, Roebuck & Co.*, 471 F.Supp. 372 (N.D.Ill.1979) (equity will not permit a person to derive any benefit from a fraud perpetrated by him).

In his brief, Ridgeway concedes that the presence or absence of any right of setoff must be determined in accordance with nonbankruptcy law. *See generally* 4 L. King, *Collier on Bankruptcy* § 553.02 (1991). Thus, the issue is whether Ridgeway would have a right of setoff under the circumstances present here. We conclude that he would not.

The jury found that Ridgeway procured the sale of the motel through concealment and misrepresentation, and that is the same factual basis upon which Ridgeway's deficiency judgment was obtained. Thus, if allowed the setoff here, Ridgeway would have received the Arguelleses' real property with equity of $50,000 and would have also received the motel back following foreclosure. According to Ridgeway, he would not owe the Arguelleses anything.

In our view, such a setoff would allow Ridgeway to benefit from his own wrong and would be contrary to equitable principles.

Ridgeway heavily relies upon *Forsyth v. Associated Grocers of Colorado, Inc.*, 724 P.2d 1360 (Colo.App.1986), in support of his contention that his fraud does not bar his setoff. We disagree that *Forsyth* compels another result. Forsyth obtained a judgment against a cooperative food wholesaler based upon the cooperative's deceit in selling him a grocery store. However, the court allowed the cooperative a setoff for a judgment which the cooperative had obtained earlier for goods actually sold and delivered to Forsyth's store. But, there was no allegation that the cooperative's judgment against Forsyth was obtained by deceit and *Forsyth* did not involve bankruptcy principles.

In contrast, here, since the jury found that Ridgeway sold the motel through misrepresentation and concealment, it necessarily follows that Ridgeway's deficiency judgment also arose from the fraudulent transaction.

In sum, we hold that, in the absence of fraud, Ridgeway would have been entitled to a setoff pursuant to § 553(a). However, under the circumstances here, Ridgeway is precluded by general equitable principles from deriving any benefit from the fraud perpetrated by him. *See Toll v. McKenzie, supra; Roberts v. Sears, Roebuck & Co., supra.*

## III.

## THE ARGUELLESES' CLAIM FOR INTEREST

■ In their post-judgment motion, the Arguelleses also contended that they were entitled to pre-judgment interest. We agree. Therefore, the denial of that motion through the procedural delay of the trial court cannot stand.

Section 5–12–102(1), C.R.S. (1990 Cum. Supp.) provides that when money or property has been wrongfully withheld, a creditor may receive interest at a rate of eight per cent per year compounded annually for all monies or the value of all property after they are wrongfully withheld, to the date of payment or to the date judgment is entered, whichever occurs first. *See Mesa Sand & Gravel Co. v. Landfill, Inc.*, 776 P.2d 362 (Colo.1989).

The courts have allowed prejudgment interest under § 5–12–102(1) in breach of contract cases and actions for misrepresen-

tation. *See Mesa Sand & Gravel Co. v. Landfill, Inc., supra; Pierson v. United Bank,* 754 P.2d 431 (Colo.App.1988). Thus, the Arguelleses are entitled to pre-judgment interest from January 29, 1981, until the date when judgment entered, here, August 16, 1989.

## IV.

## CONCLUSION

In summary, both the plaintiffs' and the defendant's post-judgment motions were deemed denied pursuant to C.R.C.P. 59(j). We agree on substantive grounds that the defendant's motion for setoff should have been denied. But, again on substantive grounds, we conclude that plaintiffs' motion for prejudgment interest should have been granted.

Accordingly, except for its failure to include prejudgment interest, the judgment as entered on August 16, 1989, is affirmed. The order denying prejudgment interest is reversed, and the cause is remanded with directions to award plaintiffs costs and statutory interest in accordance with § 5–12–102(1), C.R.S. (1990 Cum.Supp.)

METZGER, J., concurs.

HUME, J., concurs in part and dissents in part.

Judge HUME concurring in part and dissenting in part.

I concur in all parts of the majority opinion, save one. I respectfully disagree with the application of "equitable principles" adopted in Part II C. Thus, I would reverse the deemed denial of Ridgeway's motion and would remand with instructions that his request for a setoff be granted.

I agree with the majority's position that, in the absence of any controlling provision in the statutes governing bankruptcy, Ridgeway's right to a setoff must be determined by application of general legal principles. However, I disagree that equitable considerations preclude the granting of such relief.

One who is fraudulently induced to enter into a contract is afforded various remedial options. He may elect to disaffirm or rescind the contract and seek remedial relief in equity to restore the parties to their precontractual status and condition. *Trimble v. City & County of Denver,* 697 P.2d 716 (Colo.1985).

Alternatively, such a defrauded party may affirm the contract and sue either for damages for its subsequent breach under principles of contract law or for damages caused by the fraudulent misrepresentation in a tort action. *Trimble v. City & County of Denver, supra.*

However, one seeking to remedy fraudulent inducement must elect either to rescind or to affirm the contract in its entirety. Since the two remedies are inherently inconsistent, he cannot pursue the benefits of both affirmance and disaffirmance of the contract. *Aaberg v. H.A. Harman Co.,* 144 Colo. 579, 358 P.2d 601 (1960); *Holscher v. Ferry,* 131 Colo. 190, 280 P.2d 655 (1955).

Here, the Arguelleses elected to affirm the contract and seek damages caused by Ridgeway's fraudulent misrepresentations. They tried the cause and received benefits that the jury determined were the equivalent of Ridgeway's performance if the motel had been as he represented. Accordingly, the Arguelleses cannot thereafter seek to disaffirm their own obligations derived from the terms of the same contract. *See Elk River Associates v. Huskin,* 691 P.2d 1148 (Colo.App.1984).

In my view, the effect of the deemed denial of Ridgeway's claim for a setoff improperly allowed the Arguelleses the benefits of both an affirmance and disaffirmance of various portions of the same contract: their award of damages for fraud can only be sustained if premised on an affirmance of the contract, and their avoidance of their obligation to perform can only be premised upon a disaffirmance or rescission of that contract.

Thus, I believe the trial court's belated action in granting Ridgeway's motion for setoff was substantively correct. The deemed denial of the motion by operation of C.R.C.P. 59(j) renders the final judgment

erroneous as to the issue of Ridgeway's entitlement to setoff. Hence, I would also reverse the judgment as to that issue and remand with directions to allow the setoff claimed by Ridgeway.